JOHN STEIL, RESPONDENT, vs. JOHN ACKLI, APPELLANT.

1. It is the duty of the court to tell the jury what facts stated in the petition are to be taken as admitted, because the defendant has failed to deny them; and it is error for the court to leave to the jury the task of sifting the pleadings, to find what facts are stated on one side and specifically denied on the other, so as to make an issue, which they are to determine by the evidence. Butcher vs. Death & Teasdale: Ante, page 271.

## APPEAL from St. Louis Circuit Court.

### STATEMENT OF THE CASE.

This was an action for malicious prosecution, brought in the St. Louis court of common pleas. The petition stated, that the defendant did falsely, maliciously and without probable cause, cause the plaintiff to be indicted; that the plaintiff was indicted, imprisoned, gave bail, was tried and acquited by the jury, without leaving the box, and asked damages for the injury sustained. The answer denied that the defendant falsely, maliciously and without probable cause, prosecuted the plaintiff, but that he informed against him from good and justifiable motives, and upon probable cause, and which answer was duly sworn to by the defendant.

Upon the trial the plaintiff gave no testimony to prove the facts stated in his petition, except to show, by the testimony of a juror, who heard the case, that the plaintiff had been acquitted, and that the rock he was charged with taking were taken by his men through mistake. The defendant in this case was not a witness against the plaintiff. There was no proof of the prosecution at all, except in the pleadings; the court, holding that all the facts stated in the petition were admitted by the answer, and therefore required no proof from the plaintiff. The plaintiff gave testimony to show how the rock were taken.

To the decision of the court, as to the effect of the pleadings, the defendant excepted, and moved the court to permit him to amend his answer so as to admit the defence of want of malicious motives, which the court refused and defendant excepted.

The defendant also offered to prove by the testimony of two grand jurors the statement made by him before them, which the court refused, and defendant excepted.

The defendant also proved how the rock were stolen, and the conduct of Steil in relation to it, as he had received the rock and refused to account for it.

The court then gave the following instructions, to the giving of which the defendant excepted:

1. Malice may be inferred from the want of probable cause, taken in connexion with the other circumstances in evidence.

2. If the jury find from the evidence, that the defendant did prosecute the plaintiff as alleged, with malice, and without probable cause, they will find for the plaintiff and assess the damages accordingly.

3. If the jury believe from the evidence, that the plaintiff did not steal the rock mentioned, then the mere refusal to pay therefor is not, of itself, any grounds for the criminal prosecution alleged in the petition. But the statement made by the plaintiff to defendant, concerning the rock alleged to have been stolen, the jury will consider, in arriving at the conclusion, whether there were malice and want of probable cause or not,

4. If the jury believe from the evidence, that there was plainly a want of probable cause, they may infer malice, and in arriving at a conclusion in this case, they should take into consideration all the facts and circumstances connected with the prosecution; also, *the fact of the*

Steil vs. Ackli.

*plaintiff's acquittal.* The acquiftal of the detendant is like any other fact in evidence, and although standing alone, would not make out the want of probable cause, yet it should be considered by the jury as evidence to be weighed by them in connection with the other testimony.

5. The question for the jury to determine from the evidence is whether the defendant did maliciously and without probable cause, prosecute the plaintiff, as stated in the petition, and the burden of proof is on the plaintiff. The plaintiff must prove to the satisfaction of the jury, that there was want of probable cause or he cannot recover, and he must also prove malice in the defendant, either express or implied, to be collected from the circumstances, showing plainly the want of probable cause. It is not sufficient that the criminal charge was false, it must be shown that it was so without malice and without probable cause, in order to maintain this action.

All of the averments in the petition, not denied in the answer, are to be taken as admitted, but every averment in the petition which is denied, is not evidence, nor is the denial of the averment in the answer evidence, but all averments when denied and the denials also are to be supported by proofs or disregarded by the jury.

The defendant then asked the following instructions, which the court refused, to the refusal of which the defendant excepted at the time:

1. That neither the plaintiff's petition nor the defendant's answer to the same, are by the jury, to be considered as any evidence, unless sustained by the testimony.

2, That the bare acquittal of the plaintiff in the criminal court, is not sufficient evidence of want of probable cause.

3. That it is incumbent on the plaintiff to prove that the defendant was instigated by malice in his prosecution before the criminal court.

4, The indictment found by the grand jury is evidence from which the jury may infer that there was probable cause for the indictment.

The jury found a verdict for the plaintiff for $500, and the defendant filed his motion and reasons for a new trial, which the court refused, and the defendant excepted, and brings his case to this court by appeal.

The appellant assumes the following propositions as to the errors committed by the court below:

1. That the court erred in the constructions placed upon the pleadings, in holding that all the facts stated in the petition were admitted.

The petition sets out, that the defendant did mailiciously prosecute the plaintiff, and beside the facts necessary to constitute a cause of action, sets forth facts merely in aggravation; as for instance, that the plaintiff was imprisoned, &c  The answer denied that the defendant did wilfully, maliciously and without probable cause, prosecute the plaintiff.  The defendant's counsel supposed that the answers put in answer all the facts of the petition and that the answer was a good general issue.

The gist of the charge was the malicious prosecution, and as soon as that was stated, the law had been complied with, and the other things stated were matters in aggravation of damages and required no explicit denial: See code of practice, acts 1849, p. 79, art. 6, sec. 1; and as a matter of course, the party was not bound to answer any thing, but the facts constituting the cause of action.

If the party erred, leave should have been given him, to amend his answer: art. 11, sec. 5.

The construction  the court put upon the answer was, that the fact of prosecution, the indictment, arrest, *imprisonment,* acquittal, malice, &c., and in fine, that every thing was admitted by the answer, and consequently, the defendant stood defenceless, exposed to the tender mercies of the jury.

2. The court erred in the instructions, given to the jury, as the instructions left to the jury questions of law, to wit: the question of probable cause, which was for the court: See 2 Selwyns, n. p. 253, n 2, and page 257; Sutton vs. Johnstone, 1 T. R. 45; Masteyn vs. Deefo, 2 Wend. R., 425; McCormick vs. Tisson, 7 Cow. R., 715; Pangbum vs. Bull, 1 Wend. R., 345;

Mum vs. Duport, 3 Wash. C. C. R., 341; Virtue vs. Pointer, 3 Western Law Journal, 384. In this last case, the jury found the malice, but the court found the probable cause, and non-suited the plaintiff.

It will be seen by reference to the instructions given by the court, that the whole question of probable cause, was given by the court to the jury, without the jury's being instructed what constituted a probable cause or what would justify the defendant in his prosecution. Questions most peculiarly belonging to the judge.

3. The court erred in refusing the instructions asked by the defendant, and consequently must have held the following propositions:

1. That the pleadings were evidence.

2. That the acquittal of the plaintiff in the criminal court was sufficient evidence of probable cause.

3. That it was not incumbent upon the plaintiff to prove that the defendant was instigated by malice.

4. That the indictment was *no evidence* of probable cause.

If these propositions, as assumed by the court, are correct, of course the defendant was exposed with bare head to the peltings of the storm, and could seek for nothing but mercy.

That the finding of the indictment by the grand jury was at least *prima facie* evidence of probable cause: See Garrard vs. Willet, 3 J. J. Marsh. R., 628; Kerr vs. Workman, Addis. R., 270.

In many cases the indictment would be the only evidence, the defendant could produce of any cause for the prosecution, and to bar him from this, would leave him defenceless.

See Brant vs. Higgins, 10 Mo. R. 728, 734.

The court erred in refusing to admit the statement made by the defendant to the grand jury, to show that the indictment was found by them against plaintiff, upon a true statement of the case, and that the error is attributable to them, and not to the defendant, there was no proof that the defendant was examined before the petit jury, and he does not appear to have been summoned as a witness, nor to have been examined.

Now suppose, what was the fact in this case, that the things charged to have been stolen, had been taken by the defendant's servants, and that he had justified them in the act, refusing to deliver the property taken or to account for it in any way, or to pay for its value; and the defendant] had imformed the grand jury that; Steil's] men had taken the things, and yet, the grand jury had found an indictment against the employer instead of finding it against the servants; it at once becomes evident, how important it is, to leave the evidence or statement made by the defendant, to the grand jury.

That the testimony of the party is good evidence, see the following cases.

As a grand juror may be sworn to proof who was the prosecutor, 2 Selw. N. P. 260; Stykes vs. Dunbar, cited, it would be but reasonable, that the testimony of the grand juror should be admitted for the defendant, to show that the grand jury had found the indictmen upon sufficient testimony, or that they had erroneously indicted the wrong person. In the latter case, the sole testimony the defendant could produce to discharge himself, would be, to show by the testimony of the grand juror, that they had committed the mistake, and in dicted the wrong person, and wrongly endorsed the defendant's name as prosecutor.

The counsel for appellant therefore claim that the court below erred as above stated.

1. In its construction of the pleadings.

2. In the instructions given, leaving the question of probable cause to the jury.

3. In refusing the instructions asked by defendant.

4. In refusing the testimony offered by defendant.

And that for these errors its judgment should be reversed, and the cause remanded to the court below for a new trial.

Steil vs. Ackli.

### GIBSON, for respondent.

The instructions given by the court, fully and completely laid down the law of the case and presented the law as favorably for the defendant as could legally be done.

The first, second and third instructions refused, are not legal in the form in which they were written; they were all substantially included in proper form in the instructions given.

The fourth instruction asked by the defendant was properly refused. It is substantially contained in the fourth instruction given.

The court properly refused to admit the testimony given by Ackli before the grand jury Riney vs. Vanlandingham, 9 Mo. 816.

"In an action for malicious prosecution the "testimony of the defendant before the officer, is not admissible, unless it appears that the facts testified to, were known to the defendant alone."

In this case, Ackli was not present at all, when the theft, if any was committed: 6 Mo. Rep., Hickman vs. Griffin.

"The general rule, that a party cannot be allowed to make evidence in his own favor is not departed from in an action of malicious prosecution, except upon the ground of necessity."

The court properly refused to permit the defendant to amend his answer, because at the time that leave to amend was prayed, the plaintiff had closed his case, and relied upon the affirmative—statement, sworn to by the defendant, that he had prosecuted the plaintiff from good and justifiable motives, &c.

It is within the discretion of the court below, to grant or refuse leave to amend, and except in very flagrant cases, this court will not interfere with the court below in the exercise of such discretion.

The court construed the pleadings properly in instruction fourth.

The defendant below made no objection that the fact of probable cause was submitted by the court to the jury, but apart from this, the instructions given did lay down the law as applicable to cases of malice and probable cause, submitting nothing but questions of fact to the jury.

### GAMBLE, J., delivered the opinion of the court.

In this case the judgment must be reversed, and the only ground upon which it is reversed, is, the giving of the sixth instruction, in these words: "All averments in the petition, not denied in the answer, are to be taken as admitted, but every averment in the petition which is denied, is not evidence, nor is the denial of the averment in the answer evidence, but all averments when denied and the denials also, are to be supported by proofs or disregarded by the jury."

It has already been decided, at this term, in the case of Butcher vs. Death & Teasdale, that it is the duty of the court to tell the jury what facts, stated in the petition, are to be taken as admitted, because the defendant has failed to deny them; and that it is error for the court to leave to the jury the task of sifting the pleadings to find what facts are stated on one side and specifically denied on the other, so as to make an issue, which they are to determine by the evidence.

State vs. Collier.

The judgment will be reversed and the cause remanded for further proceedings, the other judges concurring.