CLINE & JAMISON, Respondents, v. BRAINARD *et al.*, Appellants.

1. Where an application is made for a continuance on the ground of the absence of a material witness, it must appear from the accompanying affidavit that the applicant had used due diligence to procure the testimony of such absentee.

*Appeal from St. Louis Circuit Court.*

*McClellan, Moody & Hillyer,* for appellants.

*Cline & Jamison,* for respondents.

RICHARDSON, Judge, delivered the opinion of the court.

The only error assigned in this case is the refusal of the court to continue the cause on the defendant's application. The action was founded upon a promissory note, and the summons—which was returnable to the October term, 1857, of the circuit court—was personally served on the defendant on the 18th day of the preceding September. When the cause was called for trial on the first day of December following, the defendant applied for a continuance, and presented his affidavit, in which the reasons for the application are stated, which were that he could not safely go into trial without the testimony of Henry Holmes, who had lately resided in St. Louis, but was then absent in Texas, where he then resided ; that his testimony was material and could not be supplied by any other witness; that on the 28th of November, 1857, he caused a subpœna to be issued for said Holmes, which the sheriff had returned *non est,* and that since he learned of the absence of Holmes he had not had time to give

the requisite notice and take his deposition, but expected to procure his deposition in time for the trial at the succeeding term.

In our opinion, the application for a continuance was properly overruled. Nothing is stated in the affidavit inconsistent with the idea that the defendant knew of the intention of Holmes to remove from the state long before he left. He does not state when he left, or that he left without his knowledge, or too soon after he heard of his purpose to leave to take his deposition. He only says that he had no time to take his deposition after he went to Texas. The cause was pending more than two months, and the defendant may have known all the time up to a few days before the trial, that the witness expected to go out of the state. The other judges concurring, the judgment will be affirmed.