GLOBE MUTUAL INSURANCE COMPANY, Respondents, v. CARSON *et al.*, Appellants.

1. An application for a continuance made two months after answer filed, which sets out that one of the co-defendants (not served with process nor answering to the suit) is a material witness and absent; that said witness alone of defendants had a personal knowledge of the facts to be proved; that defendants served notice on the plaintiff to have his deposition taken; that it was indispensable that one of the defendants to whom the management of the case was entrusted should attend the taking of said deposition, but that he was prevented from so doing by sickness in his family, which was the sole cause of the deposition not being taken. *Held,* to be insufficient in not showing due diligence, it not appearing but that the deposition might have been attended to as advantageously by an attorney, since the witness was familiar with the facts to be proved, or that it might have been taken at some other time when the defendant could have personally attended to it.
2. A valid agreement between the maker and payee of a promissory note to give further time on it will discharge the endorser unless he assents to it.
3. But the taking of a new security from the maker will not have the effect to discharge the endorser unless it is accompanied by an agreement which postpones the remedy.
4. Where a note payable in sixty days was taken as collateral security for another note then due, *held,* that it did not operate to suspend the remedy or release the endorsers upon the latter.
5. Mere indulgence to the maker of a note on receiving securities from him does not discharge the endorser in the absence of any valid agreement for postponing the time of payment to any definite period.

*Appeal from St. Louis Circuit Court.*

This was an action on a negotiable promissory note for $811, made by William P. Davis, dated April 17, 1857, payable six months after date, to the order of defendants Carson and Springer, and endorsed by them, and then negotiated by said Davis to the plaintiff.

The defendants Carson and Springer set up in answer for themselves, that they signed the note as accommodation endorsers, of which fact the plaintiff had knowledge; that no consideration passed between plaintiff and defendants; that after the maturity of said note and about the first of January, 1858, the plaintiff, without the knowledge or consent of defendants, received from said Davis another note of said

Globe Mutual Insurance Co. v. Carson.

Davis and other parties, payable sixty days after date, and that plaintiff then agreed with said Davis that in consideration of this second note, the payment of the note sued on in this case should not be enforced till the expiration of said sixty days; by reason of which agreement defendants deny that they are liable as endorsers in this action.

The petition was filed August 25th, 1858, and the writ served on defendants on the 26th of the same month. The answer of defendants was filed at the ensuing October term, on the 8th day of the month. At said term, December 10, 1858, defendants Carson and Springer moved for a continuance, and filed the affidavit of Carson.

It stated substantially that William P. Davis (one of the defendants) was a material witness for them; that no other witness was in attendance who could prove the same facts; that they could not safely go to trial without Davis, who was not absent by their consent, &c.; that said Davis had the settlement and arrangement of the whole business out of which plaintiff's demand arose, and alone of said defendants had a personal knowledge of the facts connected with and material to the defence of this case; that the whole preparation of said defence has been entrusted to him (Carson) by his co-defendants; that said affiant caused a notice of the time and place of taking depositions in this case to be served on plaintiff, and that depositions taken in pursuance of said notice would have reached St. Louis in time for the trial of this cause; that it was necessary, as affiant believes, and indispensable to the proper taking of said depositions, that affiant should be personally present in order to elicit all the material facts from the witnesses; that affiant was fully prepared to be present, but was prevented by sickness of his wife and child, and that this sickness was the sole reason why said depositions were not taken in time for the trial.

The motion for continuance was overruled, to which the defendants excepted. On December 15, 1858, the plaintiff dismissed as to the defendant Davis, on whom there had been no service, and the case was tried by the court. The plain-

tiff proved the presentment of the note for payment, refusal of payment, the protest of it, and notice to defendants of nonpayment, and read the note in evidence.

The defendants proved that they endorsed the note sued on for the accommodation of the maker; that before the institution of this suit Davis, the maker of said note, came to St. Louis and executed to the plaintiff another note with three others as joint makers with himself, for the same consideration as the note sued on, which note thus executed was payable sixty days after date, no part of which is yet paid. The plaintiff in rebuttal introduced a witness who testified that the note sued on was left with him as agent of the plaintiff for collection or to obtain security; that Davis, before the institution of this suit, executed another note for the amount sued on with three other names besides his own as makers thereof, which was taken by plaintiff as collateral security; that there was no agreement to give time on the note sued on, nor any assurance given that the collection of that note should not be enforced without delay; that plaintiff retained the original note and took the second one as collateral security for it.

*Knox & Kellogg*, for appellants.

I. The court should have granted a continuance of this case on the application of defendants. The affidavit shows the materiality of the witness Davis, and shows due diligence in endeavoring to procure his testimony. The reason why it was not procured was on account of sickness in the affiant's family. The court erred in refusing the instructions asked by defendants. If the transactions were of such a nature as to lead a man of common understanding to believe that the giving of the new note, payable sixty days after date, suspended the right of the holder of the note to sue on either note until after the second note given became due, then the endorser of the first note was discharged from his liability on said first note, unless the right to sue on the first note was expressly reserved when the renewal or second note was

given.  (Edwards on Bills & Prom. Notes, 291.)   Unless it was the understanding of the parties that time was to be given to Davis for the payment of his debt, then said second note was a mere *nudum factum.*   The giving of time to Davis discharged the appellants from all liability.   (7 Wend. 290 ; 27 Mo. 505.)

*Page* and *Rankin,* for respondents.

I. The instructions were correct.  (7 Mo. 497 ; 17 Mo. 399 ; 19 Mo. 284 ; 2 Am. L. Cas. 4th Ed. 365 ; 8 Wend. 194 ; 6 Humph. 440.)   The motion for a continuance was properly overruled.   Davis was co-defendant with the appellants and could not have been received as a witness in their favor.   (19 Mo. 279.)   The action as to Davis was not dismissed till after the application for a continuance had been submitted and overruled.   The affidavit was clearly made for delay.   No good reason is assigned for the deposition not having been taken pursuant to the notice.   Why should affiant Carson be present to " elicit truth," when, according to his affidavit, Davis, whose deposition was to be taken, was the only one of the defendants who had much, if any, personal knowledge of the matter.

EWING, Judge, delivered the opinion of the court.

The application for a continuance of the cause was properly overruled.   It fails to disclose due diligence in reference to procuring the deposition of the absent witness Davis.   The defendants Carson and Springer were personally served with process in August, and the cause was triable at the ensuing October term of the court, and on the 8th day of the month they filed their answer.   On the 10th December, they make their application for a continuance on account of the absence of Davis, the maker of the note, as to whom the plaintiff afterwards dismissed the suit.   It appears from the affidavit filed in support of the motion that Davis lived in Kansas city, Mo., and that the defendants notified the plaintiff of their intention to take his deposition, but that by reason of

15—VOL. XXXI.

the sickness of affiant's family he was unable to attend in person to the taking of the deposition ; that Davis had the settlement and arrangement of the whole business out of which plaintiff's demand arose, and alone of the defendants had a personal knowledge of the facts connected with and material to the defence ; that the defence had been entrusted to him by his co-defendants, and that it was indispensable to the proper taking of the deposition that affiant should be present in order that the material facts should be elicited. This state of facts does not show any good reason why the deposition of Davis could not have been taken as advantageously to the defendants as if they had been present ; or that it might not have been taken at a time when the obstacle mentioned in the affidavit did not exist so as to prevent their personal attention to it. When the steps were taken for this purpose it does not appear, but, for aught that does appear, the deposition might have been taken by the exercise of proper diligence, under the party's own supervision, at some other time than that indicated (in his affidavit) by the notice. A party's inability to attend in person to the matter, might, under peculiar circumstances, entitle him to a continuance ; but, under the facts here presented, we think it did not in this instance, especially as the absent witness, from his connection with the transaction out of which it is alleged the demand arose, was familiar with the facts material to the defence, and they could have been elicited by an attorney as well as if the defendant had been present.

The bill of exceptions shows that the defendants Carson and Springer were accommodation endorsers of Davis, the maker of the note sued on ; that, after the maturity of the note, Davis, with three other joint makers, gave another note payable sixty days after date, for the same consideration as the first. It also appeared by the evidence of the attorney with whom the note in suit was left for collection, that there was no agreement to give time on the note, nor any assurance given that its collection would not be enforced without delay. But the note of sixty days was taken as collateral

security for the first, and plaintiff retained it as well as the collateral.

There is no doubt that a valid agreement between the payee and the maker to give time will discharge the endorser unless he assent. But it is equally true that the taking of a new security from the maker will not have this effect unless accompanied by an agreement, which postpones the remedy.

Whether in any case where the instrument is due, the giving a new security by the maker, payable at a future time, would imply an engagement to wait until such security became due, it is unnecessary to determine; for such is not the transaction under consideration. The question here was, whether the new note was taken merely as collateral security for the note sued on, as presented in the instruction given by the court, and was a question of fact to be determined by the circumstances in proof, attending its execution. There is obviously nothing in the facts to warrant the hypothesis of the defendant's instructions; for if the agreement between the parties was such as the evidence tends to prove, it could not have suspended the plaintiff's right to sue on the original instrument. Because if the remedy had been thus suspended or postponed, it would have released the endorser; and instead of being a collateral security, would have extinguished the first note so far as the defendants are concerned.

Indulgence to the maker of a note on receiving securities from him does not discharge the endorser when there is no valid agreement for giving time of payment for a definite period. (Bank of Utica v. Ives, 17 Wend. 503.)

In Proug v. Clarkson, 1 Barn. & Cres. 15, a bill of exchange having been dishonored, the acceptor sent another bill for a larger sum to the payee by letter, but had no communication with him relative to the first. The payee discounted the second bill with the holder of the first, which he received back as part of the amount, and afterwards for a valuable consideration endorsed it to the plaintiff. Abbot, chief justice, observes, that in cases of this description, the rule laid down is, that if time be given to the acceptor, the

other parties to the bill are discharged; but in no case has it been said that taking a collateral security from the acceptor shall have that effect; here, the second bill was nothing more than a collateral security.

Judgment affirmed; the other judges concurring.