GEORGE WEINWICK, Respondent, *v.* JOSEPH BENDER *et al.*, Appellants.

*Assignee—Note.*—A plaintiff can only recover on such right as he had when suit was brought. A written assignment of a note, made after suit brought by the assignee, is not a sufficient title to authorize the action by the assignee, but he may show himself to have been the equitable owner and thus sustain his action. (R. C. 1855, p. 1217, § 1.)

*Assignment—Chose in action.*—The assignee of a chose in action, or note not negotiable, takes it subject to all defences the maker may have against it prior to notice of the assignment. (R. C. 1855, p. 322, § 3.) The payment by the maker of a non-negotiable note of the sum due, upon an attachment against the payee, without notice of any assignment, will bar a suit by the assignee.

*Appeal from Jefferson Circuit Court.*

This is a suit brought before a justice of the peace by George Weinwick against Joseph and Nicholas Bender, on a note executed by them to John Shafer, and by him assigned to plaintiff.

The justice rendering judgment against plaintiff, he appealed to the Circuit Court, where judgment was rendered for plaintiff for sixteen dollars and sixty-four cents, from which defendants appeal.

At the trial defendants moved to dismiss for the reason that there was no assignment of the note, and plaintiff's name was endorsed thereon as well as John Shafer's.

The motion being overruled, the plaintiff was allowed to amend by writing an assignment on the note over the signature of John Shafer.

It was in evidence that the note was bought of John Shafer by George Weinwick in the spring of 1857. That Joseph Bender was garnisheed on the 25th day of April, 1857, and judgment rendered May 2d, 1857, against him for fifteen dollars, on said note, in a suit before a justice of the peace, of Martin Shoemaker against John Shafer; and that the money was paid by him on said judgment in October, 1857, after he had notice that the note had been assigned to Weinwick, (the respondent.) It was also in proof that John Shafer and George Weinwick both signed their names to the note the day before the trial, the plaintiff believing it was necessary that his name should be on it in order to recover judgment.

The defendants asked the following instruction, which was refused by the court:

If the court sitting as a jury finds from the evidence that at the time the defendant answered as garnishee in the case of Shoemaker v. Shafer, and at the time judgment was therein rendered against him in said cause, he had no notice that the note sued on in this case had been assigned to the plaintiff, then such judgment against him as such garnishee is a bar to a recovery in this action.

*J. A. Beal*, for appellants.

I. The court erred in permitting plaintiff's counsel at the trial in the Circuit Court to write an assignment on the note over the names of Shafer and Weinwick. It was antedated to February, 1857, so as to deprive him of any defence that he had, or, in other words, to deprive him of the defence of his garnishment and judgment on the 2d of May, 1857, and payment of it. It had a retrospective operation, and was an unjust attempt to make evidence to deprive the defendant of honest defence of payment.

It was deciding that a delivery of a note passed title without an endorsement or assignment. Our statute law has always required an assignment in writing or an endorsement before suit could be brought in the name of any other person besides the payee. (R. C. 1855, p. 320, § 2.)

Parol evidence is inadmissible to prove an assignment. (8 Mo. 355.)

An assignment of a note can only be made in writing. (11 Mo. 636–7.)

II. The court erred in refusing the instruction prayed by defendants. The refusal of the instruction was predicated on the idea that a delivery of the note conferred the same right as an assignment, and further, that notice of the delivery of the note to Weinwick by Shafer was not necessary to be given to Bender before his answer on the garnishment.

*A. Green*, for respondent.

I. The judgment on the garnishee is no bar to respondent's action; the appellants were bound to know who was the owner of the note before they answered. Joseph Bender only answered; his answer being in point of law untrue, he should bear the loss consequent upon it. (Walden v. Valiant, 15 Mo. 409.)

II. Joseph Bender had notice that Weinwick owned the note before he paid the judgment. He should then have had it enjoined. (Colcord & Hall v. Daggett, 18 Mo. 557;

Thompson v. Quarles, 12 Mo. 76; St. Louis Perpetual Ins. Co. v. Cohen, 9 Mo. 421; Funkhouser v. How, 24 Mo. 44.)

DRYDEN, Judge, delivered the opinion of the court.

The written assignment was not a sufficient title to enable the plaintiff to maintain his action, not because of a lack of authority to write the assignment over the name of Shafer, the assignor, but because the name was endorsed after the institution of the suit. A plaintiff can only recover on such right as he had when suit was brought. But the objection is of no practical importance in the case, since the evidence showed the plaintiff the equitable owner by means of a verbal sale and delivery of the note before suit brought, which is a sufficient title on which to recover under the law now in force. (R. C. 1855, p. 1217, § 1.)

The note sued on was non-negotiable, and if, as is assumed by the instruction refused by the court, Bender was summoned as the garnishee of Shafer, the payee, and before he had received any notice of the transfer to the plaintiff, he was condemned by the judgment of the justice to pay the debt, evidenced by the note to the attaching creditor of Shafer, and that he had accordingly paid it before the institution of this suit, the same was and is a bar to this action. In the case of the St. Louis Perpetual Insurance Company v. Cohen, 9 Mo. 438; this court held that, "as to choses in action, or paper not negotiable, the assignee takes it subject to all the defences the maker may have against it before notice of the assignment. To the assignee of a chose in action, the rule *caveat emptor* applies. With regard to these debts, the doctrine asserted by Justice Story, in his Conflict of Laws, sec. 396, is replete with justice, and secures in a plain way the rights of an assignee against an attaching creditor, and amply protects the garnishee. That doctrine is this:

" That an assignment operates *per se* as an equitable transfer of the debt. Notice is indispensable to charge the debtor with the duty of payment to the assignee; so that, if

without notice he pay the debt to the assignor, or it is recovered by process against him, he will be discharged from the debt. But an arrest or attachment of the debt in his hands by any creditor of the assignor, will not entitle such creditor to a priority of right, if the debtor receives notice of the assignment *pendente lite*, and in time to avail himself of it in discharge of the suit against him. The foregoing is the doctrine of the common law, uninfluenced by statutory regulations."

The court then proceeded to decide that our statute relative to the assignment of bonds and notes had changed the common law, as just laid down, and made it necessary, before an attaching creditor could recover against the obligor or maker of a non-negotiable bond or note, to show that at the time of the garnishment the instrument was in the hands of the attachment defendant, in like manner as in cases of negotiable securities.

The statute on which the decision was based has since been revised and amended, and a provision adopted by which the principles of the common law applicable to the question under consideration have been restored. The provision referred to is as follows:

R. C. 1855, p. 322, sec. 3. "The obligor or maker shall be allowed every just set-off or other defence against the assignee, or the assignor, existing at the time of or before *notice of the assignment*, unless it shall be expressed in the bond or note that the same is for value received, negotiable and payable without defalcation."

The judgment is reversed and a new trial awarded. The other judges concur.