STATE OF MISSOURI, Defendant in Error, *v.* EDWARD R. MURPHY, Plaintiff in Error.

1. *Practice, civil — Continuance, affidavit for — Diligence.* — Where a cause was continued from one term to another, and no orders were made for the issuing of subpœnas for witnesses till three days before the second time set for trial, an affidavit which showed, in addition, merely that the applicant for continuance on one occasion "searched all through" the town where witness resided without being able to find him, showed no sufficient diligence.

*Error to Fifth District Court.*

*Tutt, Hereford & Pike,* for plaintiff in error.

*H. B. Johnson,* Attorney-General, for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

The defendant was prosecuted before a justice of the peace in Buchanan county for an assault and battery committed upon the person of one Mrs. Mary Hinman, and was found guilty and fined in the sum of five dollars and costs. From the judgment of the justice's court he appealed to the Circuit Court, and, upon a trial there, the jury found him guilty and assessed his punishment at a fine of one hundred dollars. The case was then taken to the District Court, where the judgment was affirmed, and the defendant brings error to this court.

There is but one question urged or relied on for a reversal, and that is the refusal of the court to grant a continuance. At the first term of the court at which the case was triable, a continuance was granted on application of the defendant. At the

second term he again applied to continue, and his application was overruled. The record shows that no order was made for the issuing of subpœnas for witnesses till three days before the time at which the cause was set for trial. In his affidavit the defendant states that he made a trip to Kansas to ascertain where Barnes, the absent witness, resided, and was there informed that he lived in St. Joseph; that upon his return he searched all through St. Joseph and was unable to find him. This, certainly, does not disclose sufficient diligence. If the witness resided in St. Joseph, for aught that appears he may have been temporarily absent at the time the search was made and when process was issued. The whole time was permitted to intervene between two terms of court, without any steps being taken to pursue the legal course to obtain the attendance of the witness. Had the subpœna been issued in time, as it seems to be admitted that the witness lived in St. Joseph, service would most probably have been had. As it is, we think the defendant was guilty of negligence.

There is nothing to show that the court exercised its judgment and discretion unwisely or oppressively. I think the defendant would have acted wisely had he paid the trifling fine of five. dollars, and not exhibited his litigious spirit in a case which at best reflects no credit upon him.

Judgment affirmed. The other judges concur.