56 117
34a 150

56 117
52a 470

56 117
61a 411

56 117
85a 487
86a 488

THOMAS J. BARTHOLOW, *et al.*, Respondents, *vs.* THOMAS CAMPBELL, *et al.*, Appellants.

1. *Practice, civil—Continuance—Granting of, left to discretion of court, etc.—* The continuance of a cause rests very much in the sound discretion of the court, and the exercise of such discretion will be presumed to be sound and proper. Unless it plainly appears from the record that the discretion has been unsoundly or oppressively exercised, the Supreme Court ought not to interfere.

2. *Practice, civil—Pleading—Allegations taken as true, when, etc., and as to whom.—*Under the Practice Act (Wagn. Stat., p. 1019, § 36) facts not controverted in a previous pleading are to be taken as true in favor of the party pleading them, not as a matter to be submitted to and found by the jury. But they are taken as true as a matter of law to be declared by the court. But the failure of plaintiff to reply to a defense set up in the separate answer of one defendant is no admission of such defense as to the other defendants not setting it up.

### *Appeal from St. Louis Circuit Court.*

VORIES, Judge, delivered the opinion of the court.

This action is founded on a negotiable promissory note executed by the defendants, Hays and Campbell, for the sum of $2,500.00, payable to the defendant, Thurmond, and by him indorsed for value to the plaintiffs before maturity. The petition is in the usual form. The defendant Thurmond filed no answer. The other defendants each filed separate ones. Eliza T. Hays in her answer admitted the execution of the note sued on, but charged that the consideration of the note was money advanced to defendants, Thurmond and Campbell; that she signed the note at the request of the other defendants, and for their accommodation; that they procured her name to the note by fraud (setting forth the fraud), and that plaintiffs had notice of the fraudulent manner in which her name had been procured to the note at and before the time they purchased, or discounted the note.

The defendant Campbell in his answer set up substantially the same circumstances of fraud set up by defendant, Hays, except that he charged that he had been imposed on by Thurmond, and was only surety on the note for accommodation of Thurmond who received the entire consideration of the note, while Mrs. Hays charged that she had been de-

frauded by the combined fraud of Campbell and Thurmond. Defendant, Campbell, also charged that plaintiffs had notice of the fraud at the time that they discounted the note. The plaintiffs filed a replication to the answer of 'Mrs. Hays; but made no replication to the answer of Campbell.

When the case was called for trial the defendant, Hays, filed an affidavit for a continuance of the cause on the ground of the absence of one Mrs. Thurmond, who, it was stated in the affidavit was a married woman, and who had been sick, confined to her bed for ten days before the time for the trial and could not attend, and whose evidence was material for the defendant. This application for a continuance was overruled by the court, and the said defendant excepted.

A default was then taken as to defendant Thurmond, who had not answered, and the trial proceeded before the court.

After the evidence was closed on the part of the plaintiff, the defendant, Hays, offered in evidence the answer of defendant, Campbell, to which no reply had been filed, as evidence to prove the facts of fraud charged in her separate answer, which facts had been denied by the reply to her answer. This evidence was rejected by the court, and said defendant again excepted. No other evidence being offered, the court found for defendant Campbell on the pleadings, and rendered a judgment in favor of the ·plaintiffs, against the other defendants, for the amount of the note sued on and interest. The defendant, Eliza T. Hays, then filed her motion for a new trial, which being overruled she again excepted, and appealed to the General Term of the St. Louis Circuit Court, where the judgment rendered at Special Term was affirmed, from which last judgment defendant appealed to this court.

The first point presented by the defendant for the consideration of this court is, as to the propriety of the ruling of the Circuit Court in overruling the motion made by the defendant for a continuance of the cause. The continuance of a cause by the trial court is generally very much in the sound discretion of the court. Every intendment in such cases should be in

favor of the sound and proper exercise of said discretion, and unless it plainly appears from the record that the discretion of the court has been unsoundly or oppressively exercised this court ought not to interfere. (State vs. Max Klinger, 43 Mo. 127; King vs. Pearce, 40 Mo., 222.)

. The affidavit in this case shows that the absent witness resided in the city of St. Louis where the trial was had; that she had been sick for ten days before the day of the trial and confined to her room; that this fact was known to the defendants; that defendant did not know until the last two or three days that the absent witness would not become able to attend the trial; that no witness in attendance, or whose presence could then be procured in time, could prove the same facts expected to be proved by the absent witness; but it nowhere appears in the affidavit that there were not others, who were not in attendance, who could prove the same facts. On the contrary, it is plainly inferable from the affidavit that there were such other persons, and it does not appear that any effort had ever been made to procure any such evidence, during the ten days after the witness named in the affidavit was known to be sick, or within the three days after which it was known to the defendant that the absent witness would not be able to appear at the trial. The defendant seems to have remained wholly inactive until the case was called for trial, and the presumption is not negatived in the affidavit, that the application was made for delay or vexation. The deponent is required to show some diligence in such cases. In the absence of diligence on the part of the defendant to avail herself of every means in her power to get ready for trial, this court will not be authorized to reverse the judgment on the ground that the court trying the cause has unsoundly exercised its discretion in the premises. (Cline & Jamison vs. Brainard, 28 Mo., 341; Globe Mut. Ins. Co. vs. Carson, 31 Mo., 218; State vs. Murphy, 46 Mo., 430.)

The defendant next objects to the ruling of the court in rejecting the answer of the defendant, Campbell, as evidence for the defendant, Hays, when the same was offered by her

on the trial. It is contended by the defendant, Hays, that no replication having been filed by the plaintiff to the answer of Campbell, it thereby stood admitted, and that she had a right to read the answer of Campbell as admissions of the plaintiffs, upon the trial of the issues on her part.

The 36th section of Art. 5 of Wagn. Stat., p. 1019, provides that, " every material allegation of the petition not controverted by the answer, and every material allegation of new matter contained in the answer not controverted by the reply, shall, for the purposes of the action be taken as true," etc. Under this section of the law the facts not controverted in a previous pleading are to be taken as true in favor of the party pleading them; not as a matter to be submitted to and found by the jury; but they are taken as true as a matter of law, to be declared by the court. (Steil vs. Ackle, 15 Mo. 289; Butcher vs. Death, 15 Mo., 271.)

In the present case the defendants Campbell and Hays answered separately; in fact the answer of defendant Hays charged that Campbell had joined in and was a party to the fraud practiced on her; her answer was fully replied to and denied. The defense of Campbell being wholly separate from her defense, a failure to deny or controvert the facts contained in Campbell's answer could only operate as admissions for the purposes of the action so far as Campbell's defense was concerned, but it amounted to no admission of the facts stated in Campbell's answer for any other purpose. And particularly it could not amount to an admission of facts specifically denied in the replication to the answer of defendant Hays. Judgment was properly rendered in favor of Campbell on the pleadings; but as defendant Hays had chosen to make a separate defense she could not avail herself of any error or admission, made in the pleadings, which only related to the defense of Campbell. We can see no error in the action of the court in overruling defendant's motion for a new trial.

The judgment will be affirmed; Judge Sherwood not sitting, the other judges concur.