ALBERT AUFDERHEIDE, RESPONDENT, v. W. D. MOELLER, APPELLANT.*

Kansas City Court of Appeals.    March 1, 1926.

*Corpus Juris-Cyc References: Banks and Banking, 7CJ, section 340, p. 649, n. 51; section 341, p. 649, n. 53.

*James Booth* and *Virginia J. Booth* for respondent.

*W. C. Irwin* and *Joseph T. Tate* for appellant.

ARNOLD, J.—This is an action to recover, and to have declared a vendor's lien, the remainder alleged to be due and unpaid on the purchase price of certain real property.

The facts of record are that on December 10, 1920, plaintiff sold to defendant a house and two lots in the town of Bland, Gasconade county, Missouri, for the agreed price of $2000. A written contract embracing the terms of sale was entered into between the two parties.

As part consideration for the purchase price of the premises defendant paid plaintiff the sum of $202.33 in cash and assumed the payment of an existing deed of trust against the property for $770.17, a total of $972.50; in addition, and as further consideration, defendant indorsed for himself and caused to be indorsed for his brother, John D. Moeller, a certain certificate of deposit issued to the latter by the Bland Commercial Bank of the town of Bland in said county, a bank then engaged in general banking business, and caused said certificate to be delivered to plaintiff. This certificate of deposit, properly identified and placed in evidence, reads as follows:

"Certificate of Deposit
"Bland Commercial Bank,
"Bland, Mo., March 12, 1920.
No. 7232

"This certifies that John D. Moeller has deposited in this bank One Thousand Dollars ($1,000) payable upon return if this certificate properly endorsed six months after date with interest at the rate of four per cent per annum if left six months; with interest at the rate of four per cent per annum if left twelve months.

"Not subject to check.

"L. F. Neese,
"Cashier."

At the time of the real estate transaction, there was due on said certificate the sum of $1000 principal and approximately $30 in accrued interest.

On December 10, 1920, plaintiff and his wife duly executed and delivered to defendant their warranty deed conveying to him the said premises. Thereafter, and on March 12, 1921, plaintiff's wife, at the direction of plaintiff, presented said certificate to said bank for payment, but payment thereon was not made. There is testimony of record tending to show that at the time said certificate was tendered for payment, and for a long time prior thereto, said bank was in an insolvent condition. There is also testimony tending to show that defendant was a director of said bank and had on deposit therein approximately $11,000. The bank was placed in the hands of the State Bank Commissioner on September 10, 1921, for liquidation, and was turned over by that department to one C. F. Hensley, a special deputy commissioner. Mr. Hensley testified that at the time the bank was closed, it had on deposit the sum of $44 in cash. This witness also testified that the bank was insolvent on December 12, 1920, and that it was in that condition until the time it was closed; and that the certificate of deposit in question had never been renewed, extended or paid.

The testimony in behalf of plaintiff tends to show that since the bank became insolvent plaintiff presented said certificate to the proper

authorities for payment and has received thereon from the Commissioner of Finance three payments, to-wit:

Jan. 17, 1923 .................................$ 96.92
June 1 1923 ..................................... 92.48
Jan. 28, 1924 .................................. 46.24

Making a total amount paid ....................$235.64

and that no other payments thereon have been made.

The petition is formal, alleging certain matters not in dispute, and that defendant paid plaintiff $970 in cash and delivered to plaintiff the certificate of deposit in question and represented to plaintiff that said certificate was "just the same as money;" that thereafter plaintiff and his wife executed and delivered to defendant their warranty deed conveying to defendant the property therein described; that thereafter on March 12, 1921, plaintiff, by his agent, presented said certificate to said bank for payment, and payment thereof was refused; that at the time of such presentment and for a long time prior thereto, said bank was insolvent; that plaintiff has used the utmost diligence in his efforts to collect said certificate. The petition also alleges presentation to the Finance Commissioner in charge of the affairs of said bank, and payment by him of the following amounts: January 17, 1923, $96.92 and June 1, 1923, $94.48; that no other payments have been made, and that there is still due and unpaid on the purchase price of said premises, the sum of $1030. Judgment is asked for said amount and that the same be adjudged and decreed a vendor's lien on said premises; and that said premises be sold to satisfy said lien.

The answer admits the sale of the property as alleged; the payment of cash as specified, the transfer of the bank certificate and its indorsements as alleged. Further the answer avers that at the time of said endorsement and delivery, defendant had on deposit to his credit in said bank the sum of $1000 payable upon return of said certificate properly indorsed, with interest as therein specified. The answer also states that said certificate of deposit was indorsed and transferred by defendant and accepted by plaintiff as actual money; that it was at the request of plaintiff that the said certicate was indorsed and delivered to plaintiff; that from the time plaintiff received said certificate up to the time of instituting the action herein, plaintiff treated same as his own property, made affidavit to the Commissioner of Finance that it belonged to him, and accepted from said Commissioner two payments thereon.

The answer further states that defendants does not know, and has no information upon which to base a belief, whether said certificate was presented when due to the Bland Commercial Bank and payment was refused as alleged in the petition, nor whether the same was duly

protested; alleges that due notice of such demand and refusal of payment was not given to defendant or his agent; and states that for valuable consideration, at about the time of the maturity of said certificate, and without the knowledge or consent of defendant, plaintiff agreed with said bank to extend the time of payment for a period of four months, whereby defendant became discharged from all liability thereon. The answer also contains a general denial.

Upon the pleadings thus made, the cause went to trial to the court sitting as a jury.

The court found that on the —— day of December, 1920, plaintiff was the owner in fee of the real estate in question; that on said date the parties mutually contracted, plaintiff to sell and defendant to buy the property, for $2000; that as part consideration for the purchase price, defendant paid plaintiff the sum of $970 cash and caused to be indorsed by himself and his brother, John D. Moeller, a certain certificate of deposit issued to said John D. Moeller, by the Bland Commercial Bank, and caused said certificate of deposit to be delivered to plaintiff; that by said certificate it was certified that said John D. Moeller had deposited with said bank the sum of $1000, payable upon the return of said certificate properly indorsed, six months after date with interest at the rate of three per cent. per annum if left six months, and with interest at four per cent. if left twelve months; that at said time there was due and unpaid on said certificate the approximate sum of $1030, and that on said last-mentioned date, plaintiff and his wife duly executed and delivered to defendant their warranty deed, by which they conveyed said premises to defendant; that thereafter plaintiff, by his agent, presented said certificate to defendant bank on March 12, 1921. At the time of such presentation and for a long time prior thereto, said bank was insolvent and payment of said certificate was refused by it; that said certificate was non-negotiable and that plaintiff has used the utmost diligence in his efforts to collect said certificate from the bank; that since said bank became insolvent plaintiff has presented the certificate to the proper authorities and has had allowed against said bank the amount due on the certificate, and that he has actually collected from the Finance Commissioner on said certificate the sum of $96.92 on January 17 and $92.48 on June 1, 1923; that no other payments have been made on said certificate and that defendant has never made to plaintiff any payment on the purchase price of said premises, except as stated by the court in its decree and judgment. The court further found that no agreement, express or implied, existed between plaintiff and defendant by which plaintiff agreed to accept from said defendant the said certificate of deposit as payment of part of the purchase price of said premises.

Upon the facts so found the court decreed that defendant was indebted to plaintiff in the sum of $840.60 as part of the unpaid purchase price of said real estate. The court decreed and adjudged that plaintiff recover of and from defendant the said sum of $840.60, together with costs of this action, and that the same be adjudged to be a vendor's lien on said premises in favor of plaintiff; and that said premises be sold by the sheriff to satisfy said lien, in accordance with the statutes in such cases made and provided.

Motions for new trial and in arrest of judgment were unavailing and defendant appeals.

The assignments of error are chiefly formal, charging the court erred: (1) in finding for plaintiff; (2) that the judgment is against the evidence and the greater weight of the evidence; (3) that the judgment is contrary to the law as applicable to the facts; (4) that the judgment should have been for the defendant; (5) that there is no evidence to support the verdict and judgment; (6) that the court erred in refusing defendant's demurrer at the close of plaintiff's evidence; (7) in overruling the motion for new trial, and (8) that the verdict is not supported by the facts.

In support of these charges, it is urged that the certificate of deposit in evidence became a negotiable instrument when indorsed in blank by defendant and his brother. Plaintiff contends that the certificate is non-negotiable and on this question the issue is sharply drawn.

The petition asks for equitable relief and as is required of us in such cases, we have carefully read the entire record herein and shall pass upon the merits of the case accordingly. Defendant insists that the certificate of deposit became a negotiable instrument when endorsed by him in blank and that plaintiff was not a holder thereof in due course, because the deposit was overdue at the time it was endorsed by defendant and given to plaintiff.

Section 838, Revised Statutes 1919, states: "A holder in due course is a holder who has taken the instrument under the following conditions: (1) That it is complete and regular upon its face; (2) that he became the holder of it before it was overdue, and without notice that it had previously been dishonored, if such was the fact; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." This statute is a part of our Negotiable Instruments Law.

If the certificate was a negotiable instrument, as argued by defendant, presentment for payment was necessary in order to charge the indorser (sec. 856) and a proper legal presentation for payment consists of an actual exhibition of the paper (sec. 860); and if the bank failed to pay on presentation no notice of dishonor having been

given to the indorser, he was thereby discharged. [Sec. 857; Eaves v. Keeton, 196 Mo. App. 424; Faulkner v. Faulkner, 73 Mo. 327.] Further, it is insisted that defendant, being secondarily liable on the instrument, was discharged by plaintiff's agreement with the bank to postpone the time of payment from March 12th to wheat harvest time without the consent of the indorser. [Sec. 906; Insurance Co. v. Carson, 31 Mo. 218.] Defendant also declares that the certificate met all the requirements of a promissory note and therefore was negotiable.

There is no doubt but defendant has stated the law applicable to negotiable instruments and if it is found that the instrument in question is negotiable, his position is sound. Section 788, Revised Statutes 1919, clearly states the requirements of negotiable instruments, as follows:

"An instrument to be negotiable must conform to the following requirements: (1) It must be in writing and signed by the maker or drawer; (2) must contain an unconditional promise or order to pay a sum certain in money; (3) must be payable on demand, or at a fixed or determinable future time; (4) must be payable to order or to bearer; and, (5) where the instrument is addressed to a drawee, he must be named or otherwise indicated therein with reasonable certainty."

The certificate in question shows on its face that it falls short of meeting the requirements of clause 4, of the section above quoted. There is no provision therein for making it payable to order or to bearer. The words of the certificate are "payable upon return of this certificate properly endorsed," etc. It was held in Bank v. Bank, 3 Mo. App. 362, that a certificate of deposit which does not contain the words "for value received" is not a negotiable instrument under the law. In Bailey v. Smock, 61 Mo. 213, the rule was declared that title to a certificate might be passed by indorsement and delivery (as in the case at bar) or by delivery alone, in case of an indorsement in blank, but the transferee would take subject to all equities.

In 8 C. J. 114, the general rule is laid down as follows: "In order to determine whether an instrument is negotiable in those states which have adopted the Negotiable Instrument Law, it is necessary to refer to the provisions thereof, since it expressly provides that the only instruments that are negotiable are those complying with the requirements of such acts." Applying this rule to the requirements of clause 4, section 788, Revised Statutes 1919, we hold the trial court was not in error in finding the certificate was non-negotiable, not being made payable to order or bearer on its face.

Defendant insists that this condition is met by the statement on the face of the certificate in the use of the words "properly endorsed." The word "endorse" has a general meaning and may include several forms and varied purposes. A blank endorsement is one in which

the name of the endorser only is written upon the certificate. Its effect is to make the instrument thereafter payable to bearer. [Bouvier's Law Dict. (3 Rev.), Vol. 2.] But such an endorsement by no means can convert a non-negotiable instrument into a negotiable one. We hold the certificate herein to be non-negotiable.

We pass to the last point contended for by defendant, to-wit, that plaintiff accepted the certificate in question in full payment of the $1030 remaining unpaid on the purchase price of his property, over and above the cash payment about which there is no dispute. Defendant argues there are circumstances regarding the transaction, outside of defendant's own testimony, tending to show that plaintiff accepted the certificate in payment of the rest of the purchase price. These circumstances, briefly stated, are that plaintiff wrote a letter to defendant in which he stated he had extended to the bank the time of payment of the certificate, and that this was done without the consent of the endorser. This point must be decided against defendant in view of our holding that the instrument was not negotiable. The same may be said of the charge that plaintiff accepted three payments on the certificate from the Commissioner of Finance.

The evidence as to whether the certificate was accepted by plaintiff in full for the remainder of the purchase price is flatly contradictory as between plaintiff and defendant, but there are circumstances in evidence which tend to support each of these views. While we are not required to accept the ruling of the court on this point, the court's view is entitled to much weight and we are inclined to accept his view and rule in favor of plaintiff on this question.

Plaintiff calls our attention to the fact that the court, in framing its judgment, overlooked the payment of $46.24 made by the Finance Commissioner on January 28, 1924, as shown by the evidence, and that the judgment to that amount is in excess of what it should be, and plaintiff makes *remittitur* of that amount. The judgment is accordingly affirmed for $804.32. *Bland, J.,* concurs; *Trimble, P. J.,* absent.