KAW VALLEY STATE BANK & TRUST, Plaintiff-Appellant,

v.

COMMERCIAL BANK OF LIBERTY, N.A., Defendant-Respondent.

No. KCD 28859.

Missouri Court of Appeals, Kansas City District.

June 12, 1978.

John R. Caslavka, William B. Prugh, Shughart, Thomson & Kilroy, Kansas City, for plaintiff-appellant.

William D. Adkins, Liberty, for defendant-respondent.

Before SOMERVILLE, P. J., and PRITCHARD and DIXON, JJ.

DIXON, Judge.

Plaintiff appeals from an order granting summary judgment in favor of the defendant, Commercial Bank of Liberty. Plaintiff's petition filed on December 3, 1975, alleges that on November 1, 1973, defendant issued a $10,000 certificate of deposit to John D. Cox; that on August 20, 1974, John D. Cox delivered this certificate of deposit to plaintiff as security for a $10,163.64 promissory note executed that same day; that the promissory note was in default; and that plaintiff demanded the $10,000 represented by the certificate of deposit, but defendant failed and refused to pay such sum to plaintiff. Plaintiff prayed for judgment in the amount of $10,000 plus accrued interest from November 1, 1973. Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. Affidavits and suggestions in support and opposition of defendant's motion to dismiss were filed with the court. On May 4, 1976, the trial court sustained defendant's motion to dismiss stating only that the motion would be considered as one for summary judgment pursuant to Rule 55.27(a).

The certificate of deposit which forms the basis of this action denotes John D. Cox as the registered depositor and provides that the deposit is "payable to the Registered

Depositor hereof in current funds upon the surrender of this Certificate properly endorsed 48 months after date or at any subsequent maturity date as hereinafter provided." The certificate further provides that "[t]he depositor may redeem this Certificate at any interest date upon 30 days' prior notice under rules and regulations as promulgated by the Bank."

May 1 and 12, 1974, John D. Cox was in default on two promissory notes executed in favor of defendant. These notes provided that "the holder hereof shall have all legal setoff rights on maker(s) properties and bank accounts which legally are in and come into the holder's possession." A "banking restraint" was placed on the deposit in question on May 20, 1974.

This certificate was delivered to plaintiff on August 20, 1974, as security for a note which subsequently fell into default. The same day, Cox executed an assignment of the deposit to plaintiff. Plaintiff advised defendant in a letter dated August 22, 1974, that plaintiff had taken the certificate as collateral on a loan.

One point of error is urged on this appeal. Plaintiff contends that there was a material issue of fact as to whether defendant had exercised any right of setoff it might have had against Cox prior to the assignment of the certificate to plaintiff and that therefore summary judgment was inapplicable.

Under the procedural posture in which this case is presented, appellate review is equivalent to reviewing a court-tried or equity proceeding and if as a matter of law the judgment is sustainable upon any theory, the judgment of the trial court will be sustained. *Swink v. Swink,* 367 S.W.2d 575 (Mo.1963). *Kerr v. Grand Foundries, Inc.,* 525 S.W.2d 783 (Mo.App. 1975). It is not necessary to this review to consider summary judgment procedure in detail; it is sufficient to note that a summary judgment is a determination as a matter of law that there is no issue of fact to be tried. Rule 74.04(c); *Elliott v. Harris,* 423 S.W.2d 831 (Mo. banc 1968); *Hurwitz v. Kohm,* 516 S.W.2d 33 (Mo.App.1974); *Adzick v. Chulick,* 512 S.W.2d 194 (Mo.App. 1974).

The certificate of deposit was not payable to order or to bearer, but payable only upon return of the instrument properly endorsed and is, therefore, not a negotiable instrument. Sections 400.3–104 and 400.3–110(2) RSMo 1969; *Aufderheide v. Moeller,* 221 Mo.App. 442, 281 S.W. 965 (1926). Legally, a certificate of deposit is a bank's promissory note, payable only according to its terms. *Western Casualty & Surety Co. v. First State Bank,* 390 S.W.2d 913 (Mo.App.1965); *W. J. Howey Co. v. Cole,* 219 Mo.App. 34, 269 S.W. 955 (1925).

This certificate of deposit was pledged to plaintiff as collateral security for a promissory note. *Hughes v. Community Bank of Dawn,* 336 Mo. 305, 78 S.W.2d 98 (1934); *Milliken-Helm Commission Co. v. C. H. Albers Commission Co.,* 244 Mo. 38, 147 S.W. 1065 (1912). A contract of pledge has been defined as "a legal obligation, effectuated by the pledgor depositing with the pledgee personal property as security for an indebtedness or other engagement, with an implied power of sale in the pledgee on default." *Tennent v. Union Cent. Life Ins. Co.,* 133 Mo.App. 345, 112 S.W. 754, 759 (1908).

The pledgee's interest in the certificate of deposit is, to the extent of the pledgor's indebtedness, identical with that of the pledgor. *Civic Plaza Nat. Bk. v. University Nursing Home, Inc.,* 504 S.W.2d 193 (Mo.App.1973). Upon default, the pledgee has the right to enforce the pledge when it becomes due. *Tennent v. Union Cent. Life Ins. Co., supra.* But here, the two promissory notes executed by Cox in favor of defendant were in default on May 1 and 12, 1974, and those notes expressly provided that defendant had setoff rights on Cox's properties and bank accounts which were in the defendant's possession. Subject to exceptions inapplicable here, a bank may setoff deposits in its hands against the matured indebtedness of its depositor. This right grows out of the debtor and creditor relationship existing between the bank and its depositor and the bank has

the right to apply a deposit to payment of the depositor's matured debts or obligations held by the bank, in the same way that another debtor might assert setoff as a defense to an action on the debt. *Adelstein v. Jefferson Bank and Trust Company,* 377 S.W.2d 247 (Mo.1964).

■ Defendant's right to setoff the deposit represented by the certificate in dispute arose more than three months before the certificate of deposit was assigned to plaintiff as collateral security. Notice of the assignment was not given to defendant until August of 1974. The assignee of a nonnegotiable instrument takes it subject to all defenses the maker may have against the instrument prior to notice of the assignment. *Weinwick v. Bender,* 33 Mo. 80 (1862); Sections 431.160 and 509.480 RSMo 1969. The purpose of these statutes is to make available to a defendant in a suit by an assignee of a nonnegotiable instrument:

> "every defense existing in his favor at the time of his being notified of the assignment which would have been available to him in an action by the assignor, to the end that the assignee be not allowed to take judgment against defendant on the chose when the assignor himself would not have been entitled to judgment thereon." *Fricke v. W. E. Fuetterer Battery & Supplies Co.,* 220 Mo.App. 623, 288 S.W. 1000, 1003 (1926).

■ Defendant's right to setoff existed prior to Cox's assignment of the certificate of deposit to plaintiff. Contrary to plaintiff's assertion, defendant is not required to exercise its right to setoff prior to notice of the assignment, but may assert it in an action on the certificate by the assignee. In *Brown v. Maguire's Real Estate Agency,* 343 Mo. 336, 121 S.W.2d 754 (1938), a garnishment proceeding against First National Bank as garnishee, plaintiffs sought to have property and credits of the Agency applied to plaintiffs' judgment. The garnishee in *Brown,* as defendant in the instant case, held a note which expressly provided the right to setoff. While the court reversed judgment and remanded with directions to enter a decree awarding $4,000 of the Agency's deposit to interpleaders, it affirmed the garnishee's right to apply the balance to the Agency's note. In so ruling, the Court held that at the time of garnishment the garnishee had the right of setoff as to the balance in the Agency's account and appropriation of the Agency's deposit by book entries prior to garnishment was not necessary as the right to setoff could be pleaded and proved by way of cross-demand. The court concluded that there was no remaining debt of the Bank to the Agency subject to plaintiff's garnishment.

*United States Nat. Bk. of Galveston, Tex. v. Madison Nat. Bk.,* 355 F.Supp. 165 (D.D. C.1973), *aff'd mem.,* 160 U.S.App.D.C. 149, 489 F.2d 1273 (1974), is remarkably similar to the instant case. There, the defendant bank had loaned a customer funds and the loan instruments created a lien upon deposits. The customer as a part of the loan transaction deposited funds and received a certificate of deposit which was nonnegotiable. The customer borrowed also from the plaintiff bank which took an assignment of the certificate of deposit. The customer defaulted on the loan to the defendant bank about 30 days prior to the assignment to the plaintiff bank. The notice of the assignment to plaintiff bank was sent to defendant bank after the default. There was an issue in the case as to the corporate identity of the customer, and the court first held that despite the separate corporations they were a single business enterprise. The issues were presented on motion for summary judgment. Citing abundant authority, the court said:

> "It is well settled that an assignee of a non-negotiable chose in action acquires no rights superior to those held by his assignor and is generally subject to any setoff available to the obligor against the assignor." 355 F.Supp. at 169.

Further, the court held that the fact that the *right* of setoff of defendant bank arose *before* the notice of assignment was given provided the defendant bank a superior claim to the deposit. The court stated that the issue was controlled by the Restatement of Contracts § 167(1) (1932) which states:

"An assignee's right against the obligor is subject . . . to all set-offs and counterclaims of the obligor which would have been available against the obligee had there been no assignment, provided that such defenses and set-offs are based on facts existing at the time of the assignment, or are based on facts arising thereafter prior to knowledge of the assignment by the obligor."

The current tentative draft of Restatement Second is to the same effect. Restatement (Second) of Contracts § 168 (Tent.Draft 1973).

The court noted that it was "peculiar" that the plaintiff bank had not inquired of the status of the certificate of deposit before accepting the assignment. That same peculiarity attaches to the facts of the instant case.

The *Madison National Bank* case, *supra,* is persuasive and the authority cited is clear. The same result must be reached in the instant case.

The trial court properly treated defendant's motion to dismiss as a motion for summary judgment. Matters outside the pleadings were presented to and not excluded by the trial court; therefore, under Rule 55.27(a), the motion to dismiss was properly treated as a motion for summary judgment and disposed of as provided in Rule 74.04. *Kelley v. Schnebelen,* 545 S.W.2d 332 (Mo. App.1976). Since the *dispositive* facts in this suit are not in dispute, there is no genuine issue as to a material fact, and the trial court's decision to grant summary judgment in favor of defendant was entirely proper. The issues with respect to demand or notice of redemption or the time of the defendant's exercise of its right of set-off are irrelevant. The dispositive issue in this case is that the defendant bank's right of setoff pre-existed the rights of plaintiff arising upon the assignment; and, whatever the facts as to demand or exercise of setoff, plaintiff cannot recover.

Pursuant to Rule 67.03, such an involuntary dismissal is with prejudice.

For the reasons stated, the trial court's order granting summary judgment in favor of defendant is affirmed.

All concur.