BAKER vs. BROWN, Assignee, &c.

1. As between the original parties to a bond or note, a set off is allowed, although the bond or note be payable "without defalcation or discount."

2. If such an instrument be fraudulently assigned, the defendant may plead such fraudulent assignment and set off a demand against the payee.

ERROR to Lewis Circuit Court.

GREEN & STRINGFELLOW, *for Plaintiff, insist:*

That the Court erred in sustaining the demurrer—the plea of set off being an equitable defence, and the party to the suit *beneficially interested*, being indebted to the defendant, the defence may be made. 13 Johns. Rep. 9; 8 ib. 152; 3 Johns. Cas. 425, 263; 1 do. 51; 8 Pick. 342; 5 ib. 167; 16 Mass. Rep. 473.

GLOVER & CAMPBELL, *for Defendant, insist:*

That the opinion of the Circuit Court was correct:

1st. Because the matter in said plea contained, was not well pleaded.

2d. Because the matter attempted to be pleaded was not a bar to the plaintiff's action. Rev. C. 1845, p. 190, §3; 4 Mo. R. 450; 7 Mo. R. 402.

McBRIDE, J., *delivered the opinion of the Court.*

On the 21st November, 1842, John Baker executed his note for $58 52, to Asher B. Owsley, payable twelve months after date, for value received, without defalcation, bearing ten per cent. interest from date. On the back of said note is the endorsement, "for value received I assign the within note to Samuel Brown. Nov. 19, 1843. A. B. Owsley."

An action of petition in debt was instituted on the note, in the name of

*Baker* vs. *Brown, assignee, &c.*

Brown, the assignee, for the use and benefit of Jona Franklin, against the obligor.

At the May term of the Lewis Circuit Court, 1846, the defendant Brown appeared, and filed two pleas to the action—first, *nil debet*—second, *set off*. The plaintiff, passing by the first plea of the defendant, filed his demurrer to the second plea, which being sustained by the Circuit Court, he had his judgment, and the defendant, after having failed in obtaining redress in the Circuit Court, has brought his case here by writ of error.

The only question which the plaintiff in error presents for our consideration, is the judgment of the Circuit Court on the demurrer to his plea of set off.

The plea in substance, sets out that the plaintiff in the action is not the legal owner of the note, nor has he any interest therein. That the note was fraudulently assigned by Owsley, to prevent the defendant from obtaining an off set for produce sold and delivered by him to Owsley, prior to the date of the assignment. The plea is lengthy, and the facts pleaded appear to be well pleaded, so far as we can discover. Do they then constitute a bar to the action?

To sustain the judgment of the Circuit Court, we are referred to our statute concerning bonds and notes. Rev. C. 1845, p. 190. The second section authorizes the assignment of all bonds and notes for the payment of money or property, and gives the assignee the right of action in his own name for the recovery of so much thereof as shall appear to have been due at the time of the assignment. Under the provisions of this section no question could reasonably arise as to the defendant's right to set off any indebtedness from the plaintiff to him, existing prior and at the date of the assignment. But, as if to avoid all possible misconception, the next section declares that "the obligor or maker shall be allowed every just set off and discount against the assignee or assignor, before assignment, *unless* it shall be expressed in the bond or note that the sum therein specified shall be paid without defalcation or discount."

The note sued on in this case contains the words "without defalcation," and is supposed, therefore, not to come within the operation of the second section.

Questions have heretofore been presented under this section of the act to this Court, and some adjudications have been had, but it is believed that the question now presented has not heretofore received the consideration of the Court, nor does it come within the principle of any case decided.

If the note now sued on was in the hands of Owsley, the payee, the

payor, Baker, would have a right to his set off for any indebtedness of Owsley to him, regardless of the words "without defalcation." And such is the fair interpretation of the statute, having reference and providing expressly for instruments in the hands of *assignees,* and not where the action is between the original parties to the instrument. The object of the statute appears to have been to give somewhat of a mercantile character to bonds and notes, and protect assignees, when the maker will insert in the body of the bond or note, executed by him, that he will pay it to the legal owner "without defalcation."

If Baker would have been entitled to his set off, in any action brought by Owsley, notwithstanding the expression "without defalcation," and could only be defeated by an assignment of Owsley, then we can see no propriety in refusing to let Baker show or establish the fact that although there be an assignment, in form, from Owsley to Brown, yet the legal title to the note is and remains in Owsley, so far as his right to his set off is involved, the note having been fraudulently assigned. It surely cannot be seriously contended that a fraudulent assignment of a note by the obligee, can in any wise affect the right of the obligor to any and every legal defence to which he was before entitled. The recognition of such a principle would lead to irreparable wrong.

The demurrer to the plea should have been overruled by the Circuit Court, and not having been so done, the judgment of the Court is reversed, and the cause remanded for further proceedings in that Court.