HOUSE, Plaintiff in Error, *vs.* MARSHALL, Defendant in Error.

1. In an action on notes given for the purchase money of land bought by defendant of plaintiff, the defendant may recoup the damages sustained by him, by reason of the false and fraudulent representations of the plaintiff, as to the quality and advantages of the land.

*Appeal from Audrain Circuit Court.*

This was a suit commenced in the Audrain Circuit Court, on two bonds for the direct payment of the sum of $350 each, by

William House, the obligee, against William Marshall, the obligor. The defendant, in his answer, set up as a bar to a recovery on the bonds, that they were given in part payment for a tract of land of about 190 acres, in Audrain county, Missouri, and that, at the time of the purchase, plaintiff made false and fraudulent representations to him, concerning the quality, natural advantages and improvements of the land, and its contiguity to vacant land, by reason of which, he had sustained damages to the amount of eight hundred dollars.

At the trial, it appeared in evidence, that the defendant, being desirous of removing to Missouri, met with the plaintiff in Kentucky, and after some negotiation, contracted to purchase of him a farm, which he had recently lived on, in Audrain county, Missouri, at the price of $1200, of which $500 were paid down, and for the balance, the bonds sued on were executed; that defendant had no opportunity to look at the land, but in making the purchase, relied entirely on the representations of the plaintiff; that a deed was executed, and in the fall of 1845, defendant moved to Missouri and entered on the land and had remained in possession of it ever since, up to the trial, exercising ownership over it, and that he had made valuable improvements upon it. Evidence was also offered to show that the representations made by the plaintiff, at the time of the purchase, were of the character charged in the answer.

There was no proof that defendant had ever offered to rescind the contract or notified the plaintiff that his representations, as to the character of the land, were false.

Plaintiff asked the court to give to the jury the following instructions :

1. Although the jury may find, that plaintiff made to defendant false representations, in regard to the situation, quality and improvements of said land, yet if they further find that he took possession of the same, in the fall of 1845, as stated by the witnesses, and has occupied and exercised ownership over it till this time, and making thereon valuable improvements, and further find, that he has not offered to rescind

the contract, the jury may presume from these facts, that he affirmed the contract, and waived his right to any deduction, on account of such false representations.

2. There is no evidence before the jury that defendant offered to rescind the contract.

3. Although the jury may find that plaintiff made to defendant false representations, in regard to the situation, quality and improvements of said land, yet, if they further find, that he took possession of the same in the fall of 1845, as stated by the witnesses, and has occupied it till this time, making thereon valuable improvements, and further find that he has not offered to rescind the contract, they ought to find for plaintiff the amount of said notes.

4. That, in this case, the jury cannot take into consideration the fact that the land adjoining the land sold by plaintiff, to defendant was not vacant and subject to private entry.

5. The plaintiff is entitled to recover the amount due on said notes, unless the jury find that the plaintiff made false representations in regard to the quality, improvements and natural advantages of said land, and if they find that he made such representations, then the jury can only deduct from the amount of said notes, the value of the injury sustained by defendant, on account of such false representations.

All these instructions were refused by the court, to which refusal the plaintiff excepted.

There being a verdict and judgment for the defendant, the plaintiff brings the case to this court by writ of error.

*Hardin*, for plaintiff in error. 1. An instruction presenting facts fairly to the jury for their consideration, ought to be given. *Fine* v. *Rogers*, 15 Mo. 321. If there were facts from which the jury might believe that defendant had not relied upon the representations of plaintiff in making the purchase, or if he had, but had waived his advantages and affirmed the contract, it was highly necessary that the court should so inform the jury. This was the object of the first, second and third instructions. 2 Kent, 79, 80. *Hoggins* v. *Becraft*, 1 Dana,

30. *Holbrook* v. *Burt*, 22 Pick., 546. 2. Whether representations are material or not, is a question of law, and for this reason, the fourth instruction should have been given. 3. The fifth instruction ought to have been given. A reduction of the amount claimed by plaintiff was the sole object of the defence; and the court should have directed the rule for the finding of the verdict. *Holbrook* v. *Burt*, 22 Pick., 546. *Perley* v. *Balch*, 23 Pick., 283. 12 Wheat. 183. 7 Mo. Rep. 430. *Wade* v. *Scott*, 7 Mo. Rep. 509.

*Howell*, for defendant in error. 1. There was no evidence on which to base the first instruction. The defendant having moved his family to Missouri, relying exclusively upon the representations of plaintiff, took possession of the farm from the necessity of the case. 2. The defendant was not bound to follow the plaintiff to Kentucky to rescind the contract, but might obtain redress by the defence set up in this suit. R. C. 832, tit. "Practice at Law." 2 Kent's Com. 470, and notes. 22 Pick., 510. 8 Wend. 109. 3 Hill, (N. Y.) 171. 11 Johns. 50. 15 Wend. 351–7.. 14 ib. 199–200. 4 Mills' Louisiana Rep. 347. 2 Hill (S. C.) Rep. 657. 13 Johns., 301. Therefore, the second and third instructions asked were properly refused. 3. The fourth and fifth instructions asked were wrong. See 13 Johns. Rep. 395, which is expressly to the point, that the defendant is entitled to damages for a false representation of the external advantages of the land, although a deed passed.

RYLAND, Judge, delivered the opinion of the court.

The points requiring the consideration of this court, arise from the refusal of the Circuit Court to give to the jury the instructions which the plaintiff asked. The action is founded on two promissory notes, for three hundred and fifty dollars each; one due and payable in two years, the other in four years after date, and dated 4th of October, 1845. The notes, upon their face, expressly purport to be for the balance of the

purchase money of a tract of land in the state of Missouri, bought of the plaintiff by the defendant.

It appears that the defendant, at the time of the purchase of the land, was residing in the state of Indiana; that he had never been in Missouri, and that he relied upon the representations of value and condition of the land, improvements thereon, and situation thereof, made by the plaintiff to him at the time of purchase. The plaintiff was living in the state of Kentucky at the time of the sale of the land, and the sale was made in Kentucky. Shortly after the purchase of the land, the defendant moved out to Missouri and took possession of the land, made valuable improvements on it, and still remains in possession thereof, living on it. At the time of the purchase, he paid five hundred dollars, part of the consideration money, the price agreed upon being twelve hundred dollars: the two notes for the balance were given. At and during the treaty for the sale of this land, the defendant alleges, that the plaintiff made many false and fraudulent representations in regard to the soil, improvements, quantity of land under cultivation, springs, orchard, &c., and in his answer sets up the injury and damages sustained by him, by reason of the false and fraudulent representations, as a defence.

1. Upon this state of facts, then, the court below did not err in refusing the first instruction asked for, as above set forth, by the plaintiff. If the defendant, instead of asking to recoup the damages which he had sustained by the deceit and fraud practiced on him by the plaintiff, as he alleges, had sought to rescind the contract, then the principle set forth in the above instruction would have been properly invoked. But here the defendant does not wish to rescind the contract: he asks to be allowed to recoup the amount of injury and damages sustained by him, by reason of the deceit put on him by the plaintiff. The second and third instructions were asked, in order to carry out the first, and, in our opinion of the law, were properly refused. The fourth instruction involved the right of the defendant to set up the injury he had sustained, by the

false and fraudulent representations of the plaintiff, by way of recoupment of damages.

In our opinion, there is no necessity to compel the defendant to resort to his cross action, when he can obtain all that the law allows him, by way of recoupment of the damages which he has sustained, by reason of the plaintiff's fraud in the transaction which gives rise to the suit. In this case, the defendant having set up the improper acts of the plaintiff constituting the defence, there was no notice required to be given to the plaintiff before the defendant could prove his defence; and the principles heretofore decided by this court, in the case of *Wade* v. *Scott*, 7 Mo. Rep. 509, fully sustain the Circuit Court in his action in refusing to give the fourth instruction.

In 1 Story's Eq., 201 and 202, it is stated that, "where the party, intentionally or by design, misrepresents a material fact, or produces a false impression in order to mislead another, or to entrap or cheat him, or to obtain an undue advantage of him, in every such case, there is a positive fraud, in the truest sense of the term; there is an evil act, with an evil intent: *dolum malum ad circumveniendum*, and the misrepresentation may be as well by deeds or acts, as by words—by artifices to mislead, as well as by positive assertions."

In 1 Maddock's Chancery, 208, it is said, "if, indeed, a man upon a treaty for any contract, make a false representation, whether knowingly or not, by means of which he puts the party bargaining under a mistake upon the terms of the bargain, it is a fraud, and relievable at equity." "No doubt, by a representation, a party may bind himself just as much as by an express covenant. If, knowingly, he represents what is not true, no doubt he is bound. If, without knowing that it is not true, he takes upon himself to make a representation to another, upon the faith of which that other acts, no doubt he is bound, though his mistake was perfectly innocent." *Ainslie* v. *Medlicot*, 9 Ves. 21. The misrepresentation must be of something material, constituting an inducement or motive to act, or omission of the other, and by which he is actually mis-

led to his injury. "It is an ancient and well established principle that, whenever *suppressio veri* or *suggestio falsi* occur, and more especially both together, they afford a sufficient ground to set aside any release or conveyance."

Applying these general principles to the case before us, and we cannot, under our present practice, see what is to prevent the defendant from setting up the false and fraudulent representations, (as he alleges,) in order to lessen the amount which the plaintiff claims of him. It is clear, that the defendant, relying upon the representations made to him by the plaintiff, purchased the land; the plaintiff had moved from Missouri to Kentucky, leaving the land; he knew its value, its improvements, its condition in regard to water, contiguity to vacant prairie land, &c. Now, the falsity of these representations was an injury to the defendant, and he had a right to recoup the damages sustained by him from these misrepresentations, and have a deduction from the plaintiff's demand to the extent of those damages.

The fifth instruction should have been given, or the principle of law contained in it should have been laid before the jury to direct them in their verdict.

If the amount of the injury sustained by the defendant, by reason of the false representations of the plaintiff, was less than the plaintiff's demand upon the notes, then the plaintiff should recover for the difference; if equal, or more than plaintiff's demand, then the jury should find for the defendant.

There is error, then, in the court below, in refusing to give the fifth instruction, as prayed for by the plaintiff; and for this error, its judgment must be reversed and the cause remanded.

The other judges concurring, the same is done accordingly.