## MARTINDALE, Respondent, v. HUDSON, Appellant.

1. Where the payee of a negotiable promissory note assigns the same, not for value, but fraudulently, with a view to prevent the maker from setting up by way of set-off a demand against the payee, the maker may in a suit against him by such assignee or endorser, plead the fraudulent assignment, and set-off such demand.

*Appeal from Barry Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*F. P. Wright*, for appellant.

I. The recovery against defendant as garnishee was a good bar to the action, and record should have been admitted in evidence. (Wolf v. Cozzens, 4 Mo. 431.) And so if the note had been settled upon transfer, such settlement was a good bar.

II. The answer charges that the transfers were fraudulently made for the mere purpose of preventing an offset ; such transfer, if so made, would not prevent defendant from availing himself of any defence he might have to the note. The evidence tended to prove such fraudulent transfer and was improperly excluded on that account.

III. If any amendment to the answer was necessary, the court erred in refusing leave to amend.

*Cravens*, for respondent.

I. The circuit court was correct in sustaining the motion of plaintiff to strike out that part of defendant's answer which avers that Thos. Martindale, the original holder of the note,

Martindale v. Hudson.

was indebted to defendant upon settlement—the note being given for value received, negotiable and payable without defalcation or discount (R. C. p. 322) ; and also in refusing to let defendant amend a second time where the proposed amendment was a mere repetition of what had been by the court stricken out.

II. The answers of defendant to interrogatories upon garnishment were properly excluded, because the answers of garnishees are not even conclusive against the party at whose instance they are summoned. The judgment upon the answer was all that could possibly be admitted. (R. C. p. 258.)

III. The testimony of witness Logan, in regard to the calculations he had made for Thomas Martindale, the original holder of the note, and defendant, when they attempted to make a settlement, was rightly excluded, because the court had stricken out that part of defendant's answer which alleged Thomas Martindale's indebtedness to him upon settlement.

RYLAND, Judge, delivered the opinion of the court.

This is a suit on a promissory note made by defendants, dated January 7, 1856, payable to Thomas Martindale, ten months after date, for six hundred dollars, for value received. The plaintiff states that said Martindale, on the 19th of April, 1856, assigned by endorsement and delivered said note to one Charles O'Kelly. Plaintiff further states that said O'Kelly, on the 13th of September, 1856, assigned by endorsement and delivered said note to the said Thomas Martindale. Plaintiff also further states that said Thomas Martindale, on the 2d day of February, 1857, assigned by endorsement and delivered said note to the plaintiff; he asks for judgment, &c.

The defendants, Hudson and Culton, appeared and filed their answer, in which, after stating that they knew nothing about the first two assignments from Martindale to O'Kelly and from O'Kelly back again to Martindale, they deny expressly that the note was by said Thomas Martindale assigned

to the plaintiff for value received; but state that the said note was assigned to the plaintiff to defraud the defendants and prevent the defendants from pleading an offset to said note, and to defraud them. The defendants then set up in the answer the fact that they had been garnished on execution against said Thomas Martindale in favor of one Passington Packwood, and that judgment had been rendered against them for all that they were owing on said note to said Martindale, and referred to the interrogatories, answers and judgment in the circuit court of Barry county. They also state that they do not owe to the plaintiff the said sum of six hundred dollars, or any part thereof. They state that said Thomas Martindale, the original holder of said note, owes defendants, on settlement made before the assignment of said note to plaintiff on the 2d day of February, 1857, one hundred and forty-nine dollars, for which he asks judgment, with interest from the said settlement.

The plaintiff moved to strike out all that part of the defendants' answer which alleges that Thomas Martindale, the original holder of the note, is indebted to defendants on settlement in the sum of one hundred and forty-nine dollars, because said demand could not be pleaded as a set-off against plaintiff in this cause and to said note. This motion the court sustained, struck out that part of the answer, and the defendants saved the point by bill of exceptions. The defendant offered to prove that a settlement was made between Martindale, the original holder of the note, and himself. The defendant Hudson offered to prove this, the plaintiff having dismissed the suit as to the other defendant, Culton, and it was then carried on against Hudson alone, who offered to prove the settlement and the indebtedness of Thomas Martindale to him; and that the said note sued on was taken into consideration at the time the calculations were made by the witness Logan between these parties. This evidence was rejected and the defendant saved the point. The defendant also offered to read the answer filed by him to the interrogatories asked by him on the garnishing process in favor of

Packwood against defendant on the execution against Martindale, the payee of the note. This was likewise refused by the court, and the point saved by defendant. Judgment was rendered against defendant on the verdict of the jury below. He moved to set aside the verdict and for a new trial, which being denied him, he brings the case here by appeal.

From the record it is manifest that this case was badly tried below; it is badly brought up here; the record is carelessly made out; still we can see what was attempted to be done in the lower court. The court below erred in striking out that part of defendant's answer which stated and showed the indebtedness of Martindale to the defendant on settlement. The answer expressly denies that the note was assigned to plaintiff by Martindale for value; it avers that the assignment was made in fraud to prevent the defendants from setting up the said Martindale's indebtedness to them as a set-off against the note. It nowhere appears on the record what kind of a note this was—whether a negotiable note or a non-negotiable one. It is not set out in the record; but take it for granted it was a negotiable note, and still the fact alleged in the answer—that the assignment was not for value, but was a fraudulent assignment, made covinously to hinder the defendant from setting up his demand against the holder and assignor, the original payee, and that he was indebted to the defendant—was a good defence to the action; and it was error to strike out that part of the answer setting up the indebtedness, leaving the statement as to the fraudulent assignment still remaining in the answer. In the case of Baker v. Brown, assignee, 10 Mo. 396, this court held that as between the original parties to a bond or note a set-off is allowed, although the bond or note be payable "without defalcation or discount;" and that if such a note be fraudulently assigned, the defendant may plead such fraudulent assignment and set-off a demand against the payee. The decision in this case settles the main questions in the one now before us. The court erred in striking out the part of the defendant's answer in relation to the indebtedness of the assignor and

payee. It erred in rejecting the testimony of the witness about the settlement and indebtedness to defendant of the original payee of the note.

The record is so meager we can not tell what was done in relation to the judgment against the defendant as garnishee. It seems that defendant only offered to read his answers to the interrogatories. This was refused. It also appears that the judgment on the garnishing process was read. We shall say nothing on this point further than to say, it is the duty of the party excepting to the rulings of the inferior court to have the points properly presented and properly saved, and not put this court to the trouble of trying to find out what was done by guessing at part, and supplying and modifying the rest. We can not see how much or what portions of the record in the garnishment case was offered to be read by defendant. He had better present his full record next time and save the point plainly, so that we can see what was offered and what was rejected. The judgment below is reversed; Judge Scott concurring, and the cause is remanded.