----

NELSON, Plaintiff in Error, v. JOHNSON, Defendant in Error.

1. In an action for the price of slaves sold, the defendant may recoup the damages sustained by him by reason of a breach of warranty of the slaves.

*Error to Cooper Circuit Court.*

This was an action upon a promissory note for $300. The defendant set up in his answer that the consideration of the note had failed; that the note was given for part of the purchase money of two slaves sold by plaintiff to defendant; that the plaintiff had warranted the said slaves to be sound and healthy; that they were not sound and healthy as warranted.

Nelson v. Johnson.

The court, at the instance of the defendant, gave the following instruction to the jury : " If the jury believe from the evidence that the note sued upon was for a balance of the purchase money of the slaves mentioned in the defendant's answer, and that said slaves were warranted by plaintiff to be sound, and either of them was unsound at the time of the sale, then they must take the same into consideration, and abate the note accordingly, and if the slave was lessened in value to the amount of the note, they must find for the defendant."

*Gardenhire* and *Morrow*, for plaintiff in error.

*Adams*, for defendant in error.

I. A breach of warranty of soundness given on the sale of slaves is a good defence against a note for the purchase money, and may be set up, as it was in this case, by way of recoupment. It was the only defence relied upon in the answer, and was properly presented by the evidence and the instruction given on the part of the defendant.

II. The suggestion of surprise in the plaintiff's motion and affidavit for a new trial was the merest pretence. The affidavit upon its face showed that he must have known what the defence was, although he may never have in fact read or heard the answer read. It sets up as an excuse his own negligence. The case had been in court for more than eighteen months, and the answer had been filed in the cause for eighteen months, and the cause had been continued by the plaintiff himself from term to term on account of the absence of witnesses, and yet witnesses were not wanted for any other purpose than to rebut the proof of a warranty and its breach. Upon the trial the only evidence offered or given on either side was in relation to this issue alone, for there was no other issue in the cause. The plaintiff gave evidence to show that there was no warranty, and the receipt referred to in his affidavit (if there had been any such) was only cumulative, and would be no ground for setting the verdict aside even if he had been surprised. (Beaucham v. Sconce, 12 Mo. 57 ) The

affidavit ought to have alleged due diligence, but instead shows the grossest negligence. Even if the party had been mistaken as to the nature of the defence, it would be no ground for a new trial. It was his duty to inform himself. The answer was open to his inspection, and if he failed to look at it, it was his own folly. The affidavit does not aver that the verdict is unjust, and, to warrant the court in interfering, such an averment is essential. (See Hanly v. Blanton, 1 Mo. 36 ; Mushen v. Judy, 4 Mo. 331 ; Elliot v. Leak, 4 Mo. 540 ; Stout v. Colver, 6 Mo. 251 ; Lisle v. State, 6 Mo. 426 ; Stegers v. Darby, 8 Mo. 679 ; Robbins v. Alton Marine & Fire Ins. Co. 12 Mo. 387 ; State v. Laramore 20 Mo. 427 ; Wells v. Sanger, 21 Mo. 354.)

RYLAND, Judge, delivered the opinion of the court.

Since the decision made by this court in the case of Wade v. Scott, 7 Mo. 509, which was rendered in August, 1842, it has been considered as the settled law in this state that in a suit for the consideration money arising on the sale of a slave, the defendant, in case there was fraud or a breach of warranty, may give evidence showing the amount of damages sustained by him by reason of the fraud or breach of warranty in diminution of the stipulated price. " It is more reasonable," said the judge who delivered the opinion of the court, " that when a suit is brought to recover the price of an article, that any reduction of the stipulated price, to which the defendant may be entitled either from a fraud or breach of warranty in the sale, should be made in the action in which the price is sought to be recovered, than that he should be driven to his cross action for a redress of the injury." In House v. Marshall, 18 Mo. 368, the same doctrine is held. In this case the notes sued on were given for the purchase money of land bought by defendant of the plaintiff. We held that the defendant might recoup the damages sustained by him by reason of the false and fraudulent representations of the plaintiff as to the quality and advantages of the land. (See also Grand Lodge of Masons v. Knox, 20 Mo. 433.)

In this case the recoupment of damages on account of the breach of the warranty made on the sale of the slaves, for the purchase of whom the note sued on was given, was the only defence set up and relied upon in the defendant's answer. The instruction then given by the court on behalf of the defendant was unobjectionable. The evidence offered by defendant conducing to show there was a warranty, and that offered by plaintiff conducing to show there was none, the matter was properly left to the finding of the jury. The instructions given by the court for the plaintiff are not complained of, and the record shows that all were given which he asked.

As to the suggestion of surprise which is made by the plaintiff in his affidavit in support of the motion for a new trial, in our opinion, there is no weight in it. At most, it set up as an excuse his own negligence. The record shows that there had been two or three continuances — the case had been pending for some eighteen months. He might have known the defence relied on. He was party to the whole transaction. He knew what had been before the persons who had been once requested to arbitrate the difficulty. He had made his own statement and knew what the defendant relied on before them. We can not regard this suggestion of surprise as entitled to any consideration.

Upon the whole record, there is no error authorizing a reversal. Judge Scott concurring, the judgment is affirmed.