### JOSEPH LANGDON, Respondent, v. SAMUEL M. MARKLE, Appellant.

1. *Surety — Notice by to sue, when not in writing, is no protection to.* — Notice by a surety on a note to the holder thereof to sue, when not in writing, is not binding upon the holder, either under the statute (Gen. Stat. 1865, p. 406, § 1; Wagn. Stat. 1302, § 1) or at common law; and his neglect to comply with such notice will not release the surety.

2. *Promissory note based on contract, suit on — Recoupment.* — Where a note grows out of a contract and is executed in pursuance of its stipulations, any questions of recoupment between parties to the note should be treated as though the suit had been on the original contract itself.

### *Appeal from Buchanan Circuit Court.*

The note referred to in the opinion of the court was given in pursuance of a contract made between Boone and Smith, in which Smith assumed to grant Boone the exclusive right to sell and put up certain patent copper scroll lightning-rods in various counties in Missouri, and also in the counties of Brown and Doniphan

in Kansas.   In consideration of this grant, Boone, among other things, was to purchase his rods exclusively of said Smith, at prices therein agreed upon, payment to be made by note in bank, due sixty days from date.   Shortly after Boone entered upon the canvass of his Kansas territory, his right to further proceed was disputed by one Wait, who claimed that he had the paramount title to the counties of Brown and Doniphan in Kansas, and that Boone's grantor never possessed any title thereto.   This fact was communicated to Smith, who, in reply, admitted that he never possessed the right to the two counties in Kansas he had assumed to grant him, and offered to make up the loss by the grant of other counties in Missouri to which he had title.   This Boone refused.   After the maturity of the note, Langdon, as the agent of Smith, presented it to Boone for payment, which was refused. Langdon then demanded payment of Markle, the surety, and was told by Markle of the relation he sustained to Boone on the note, and was verbally notified that Smith must commence suit at once against Boone, as he was then solvent.   This Smith refused to do, and on the 24th day of July, 1869, after Boone had become insolvent, suit was commenced on the note against Markle, the surety, by Langdon, who had become in the meantime the assignee of the note.

For further facts see opinion of the court.

*Everett Reed* and *B. F. Loan*, for appellant.

I.   At common law a surety is discharged if he give verbal notice to sue, and the statute must be construed as cumulative merely; for a remedy conferred by an affirmative statute does not take away the common-law remedy unless it contains negative words.   (Sedgw. Stat. Const. Law, 38–40, 93, 402–5 ; 14 Wend. 255 ; 18 Wend. 220 ; 3 Hill, 41 ; 20 Johns. 292 ; 5 Johns. 175 ; 13 Johns. 321 ; 15 Johns. 220 ; 5 Cow. 165.)   The same principle has been applied with respect to statute law by this court in 37 Mo. 599 ; 38 Mo. 534 ; 41 Mo. 460–1.   In such cases a party may make his election to proceed at statute law or common law.   (6 Bac. Abr. 177.)

II.   The Kansas territory was the principal consideration, the

Langdon v. Markle.

chief inducement to Boone's making the contract with Smith; and yet at the very time Smith assumed to grant Boone the exclusive right to this territory, he did not possess the right to put up a single rod in Kansas. Here is clearly a fraud. To say the least, there is a breach of contract on the part of Smith. And in either case, if the purchase money has not been paid, defendant may recoup the damage he has sustained. (1 Comst. 305; 44 Mo. 389; 20 Mo. 433.)

III. The circumstance that this action is upon the note does not injuriously affect this case, for the contract itself provides that notes should be given in payment of the rods therein contracted for; so that the legal effect of suing on this note is to enforce the original contract, and the same defense can be introduced as though the action was in form upon the contract. (3 Hill, 175.)

*Hill & Hawley*, for respondent.

I. Defendant, if only a surety, is still liable to pay the debt, unless he shows that he has given notice in writing to the holder of the note to forthwith commence suit thereon against the principal debtor and other parties liable. (Gen. Stat. 1865, p. 406, ch. 92, §§ 1–3; Sappington v. Jeffries, 15 Mo. 628; Freligh v. Ames, 31 Mo. 253; Routon v. Lacy, 17 Mo. 399; Christy v. Horn, 24 Mo. 242; Lockridge v. Upton, *id*. 184; Perry v. Barnet, 18 Mo. 140; Simpson v. Blunt, 42 Mo. 542; Rucker v. Robinson, 38 Mo. 154; McCune v. Belt, *id*. 281; Pitts v. Fugate, 41 Mo. 405; Headlee v. Jones, 43 Mo. 235; Wiley v. Hight, 39 Mo. 130; Weller v. Ranson, 34 Mo. 362; Smarr v. Schnitter, 38 Mo. 478; Cain v. Bates, 35 Mo. 427.)

II. A mere verbal notice is not sufficient. (Freligh v. Ames, *supra*; Driskell v. Mateer, 31 Mo. 325; Gen. Stat. 1865, *supra*.)

III. Even at common law a mere request by the surety to bring suit was not binding on the holder, and his neglect to comply did not release the surety. (Routon v. Lacy, *supra*.)

CURRIER, Judge, delivered the opinion of the court.

The plaintiff acquired the note in suit after its maturity, and consequently took it subject to all equitable as well as legal defenses the makers might have against it. The defendant in this action was a surety.

1. The evidence in relation to the notice to sue was properly excluded, since the notice proposed to be shown was not in writing, as the statute requires. (Gen. Stat. 1865, p. 406, § 1.) Even at common law, according to Judge Scott, " a mere request by the surety to bring a suit was not binding on the holder, and his neglect to comply with such request did not release the surety." (Routon v. Lacy, 17 Mo. 400.)

2. The defendant asked the court to instruct that " if the defendant counted out lightning-rods to the value of the unpaid balance of the note sued on, and the plaintiff was present and accepted said rods in discharge of such balance, the jury should find for the defendant." This instruction was refused, but upon what principle I am unable to conjecture. There was evidence on which to found the instruction, and I think it should have been given. If the defendant tendered to the plaintiff the rods, and the plaintiff accepted them in satisfaction of his debt, the debt was thereby discharged. The transaction constituted an accord and satisfaction.

3. The note was payable to one Smith, and grew out of transactions between him and one Boone, Boone being the defendant's principal on the note. The defendant sought to recoup damages growing out of an alleged failure of consideration and breach of contract between Smith and Boone. The contract formed the basis of the note transaction. The note grew out of the contract and was executed in pursuance of its stipulations. The question of recoupment, therefore, should have been treated as though the suit had been upon the contract itself. (Batterman v. Pierce, 3 Hill, 171 ; and see Grand Lodge v. Knox, 20 Mo. 433.) The court, at the instance of the defendant, instructed the jury in accordance with this view, and was so far correct. But the court was wrong in telling the jury, in effect, that the sale by Smith to

Boone of the right to vend the patented article mentioned in the contract within certain territorial limits, formed no .part or element in the consideration of the note. The grant by Smith of the right to sell as specified, was the express and declared consideration upon which Boone contracted to make purchases of Smith and give his note.

With. the concurrence of the other judges, the judgment will be reversed and the cause remanded.