ALEX ROMAN, Assignee, etc., Appellant, v. BOSTON
TRADING COMPANY, Respondent.

**St. Louis Court of Appeals, February 12, 1901.**

1. **Practice, Trial:** MOTION FOR NEW TRIAL: CODE OF CIVIL
   PROCEDURE: STATUTORY CONSTRUCTION. It is not reversi-
   ble error for the court in granting a new trial as required by section
   801, Revised Statutes 1899, to fail to specify the grounds upon which
   it is granted.

2. ———: ———: ———: ———: PRACTICE, APPELLATE.¯ In
   such circumstances, the ruling of the court in granting the new trial
   will be sustained, if supported by one or more of the grounds set
   forth in the motion.

3. **Statement, Sufficiency of:** COUNTERCLAIM: WAIVER OF DE-
   FECTS IN STATEMENT, WHEN. Where defendant files his an-
   swer setting up a counterclaim without calling in question the legal
   capacity of assignee to sue, he thereby waives the objection.

4. **Instruction.** In the case at bar, the following instruction properly
   declared the law. "You are instructed that the fact that the defend-
   ant refused to deliver said goods or surrender the same to the said
   Stokes when he went after them, constitutes no reason why said
   defendant should not be allowed any damages suffered by it, if you
   find there were any, on account of the failure of said 'Pants Manu-
   facturing Company' to deliver said pants."

5. **Practice, Trial:** VERDICT, SETTING ASIDE OF: JURY: EVI-
   DENCE. Where a jury wholly disregarded the evidence in a case,
   the court should sustain a motion to set aside the verdict on that
   account.

Appeal from Greene Circuit Court.—*Hon. James T.
Neville,* Judge.

AFFIRMED.

*O. T. Hamlin* for appellant.

(1) The original statement is sufficient, as it set out the "statements of the account sued on." R. S. 1899, sec. 3852. Cameron Sun v. McAnaw, 72 Mo. App. 196; Glenn v. Weary, 66 Mo. App. 75; Land v. Busch, 49 Mo. App. 338. (2) The summons issued by the justice, the pleadings filed by the defendant, and the admissions made by it in both the justice and circuit courts, show Alexander Roman to be the assignee of this account, and the evidence shows him entitled to collect it; "if not, the inference is that he is authorized to collect it." Byrne v. Railroad, 75 Mo. App. 36. "The necessary implication from the facts are that the account had been assigned to the plaintiff outside of direct proof, and that he had a right to collect it." Byrne v. Railroad, 75 Mo. App. 36. (3) Plaintiff could amend his cause of action in the circuit court. R. S. 1899, sec. 4079. (4) Plaintiff may at any time before final judgment, in furtherance of justice, amend any pleading, etc., by adding to, or striking out the name of any party, or by inserting other allegations, material to the case, or when the amendment does not change substantially the claim or defense by conforming pleading or proceeding to the facts proven. R. S. 1899, sec. 657; Glenn v. Weary, 66 Mo. App. 75; Lamb v. Busch, 49 Mo. App. 337; School District v. Wallace, 75 Mo. App. 317.

*James R. Vaughan* for respondent.

(1) The court rightfully sustained the motions for a new trial and in arrest of the judgment for the reasons: First. It had improperly refused an instruction asked by the defendant. This instruction relative to the purpose and effect of the testimony of Hamlin, Pure and Stokes. Second. Because of the insufficient account. Third. The verdict was absolutely and clearly against the evidence. Defendant's damage

was proven to an amount in excess of that stated in its counter-claim. The jury certainly did not understand the issue. (2) The account filed was totally insufficient to constitute any cause of action against the respondent in favor of appellant. No statement was filed, but simply this plain account in favor of the pants company against the respondent. There was no assignment nor allegation regarding any assignment on the account or attached to it. The justice's record states that the account filed for suit was that of the pants manufacturing company. This being the condition of the record, the court should, at the close of plaintiff's evidence, have sustained defendant's motion, and have excluded all evidence and dismissed the case. There should have been something on or about the account to show the relation of Roman to it, or connecting him with it. Smith v. Zimmerman, 29 Mo. App. 249; Crescent Fur Co. v. Raddatz, 28 Mo. App. 210. (3) The pleading (if it is proper to so designate an account filed in a justice's court) could not be amended. It was not a defective statement or account, but a totally insufficient one so far as the appellant is concerned, and hence was not amendable. Altheimer v. Teuscher, 47 Mo. App. 284; Courtney v. Sheehy, 38 Mo. App. 290. (4) To substitute a new party plaintiff for the party shown in the original account is a change in the cause of action which is never allowed. Crescent Fur Co. v. Raddatz, 28 Mo. App. 210; Nutter v. Houston, 42 Mo. App. 363. (5) The original statement or pleading must show what was intended, or must state facts which will show what was intended, before an amendment can be allowed. An assignment defectively stated can be amended, but this is not the rule where an assignment is not mentioned at all. Not a word about an assignment appears on the account, and hence by reference to the account there is nothing to show that it was intended to plead an assignment. The summons can not help

to show what was intended.    Evans v. Railroad, 67 Mo. App.
255.    Rechnitzer v. St. Louis Candy Co., 82 Mo. App. 311.
(6)    That the defendant knew what was intended does not
make the account or statement good, nor furnish any basis for
an amendment in the circuit court.    McCrary v. Good, 74 Mo.
App. 425.

BLAND, P. J.—The suit was begun by the filing of the
following account before a justice of the peace:

"St. Louis, Mo., October 12, 1899.
"M. Boston Trading Co., Cr., Springfield, Mo.

"Bought of St. Louis Pants Manufacturing Co., successors
to Jacobs Bros. & Hoffman, specialties in men's, boys' and
knee pants, 717 and 719 Lucas avenue.    Terms, spot cash; no
discount.

"Shipped per Frisco.

| | | |
|---|---|---|
| 4345, 2 dozen pants | $16.50 | $33.00 |
| 4415, 1 dozen pants | | $16.50 |
| | | $49.50" |

The defendant filed in the justice's court the following
offset:

"Alexander Roman, assignee of the St. Louis Pants Manu-
facturing Company, Plaintiff, v. The Boston Trading Com-
pany, Defendant.

"The said defendant for a counterclaim and setoff in this
case states that at the time the defendant bought the goods
mentioned in said account, it bought of the said manufacturing
company two dozen pairs of pants other than those mentioned
in the said account, and likewise other goods, all done as part
of the same transaction; that it was to pay for the said two
dozen pants $19.50 per dozen on or soon after the delivery of
the same; that at the time said transaction was had, to-wit, in

August, 1899, and at the time they should have been delivered and since, said pants were and have been worth $36 per dozen; that said pants manufacturing company refused to deliver and furnish said pants (two dozen) as it had agreed, and has failed to comply with its said contract, by all of which defendant is damaged in the sum of $25, which defendant says should be set off against and recouped out of any sum due said pants manufacturing company, and further answering denies that the plaintiff is entitled to recover herein, and asks judgment for costs.        "JAMES R. VAUGHAN,

"Attorney for Defendant."

Judgment by default was rendered against defendant by the justice. An appeal was taken to the circuit court, where on trial *de novo* judgment was recovered by the plaintiff for the full amount sued for. A motion for new trial was filed by defendant, and sustained by the court. From the order sustaining the motion and granting a new trial, plaintiff appealed.

I.   The court did not specify the grounds upon which it granted the new trial as required by section 801, Revised Statutes 1899, but this failure to comply with the statute is not reversible error. Smith v. Sedalia, 152 Mo. 283. In such circumstance, the ruling of the court granting the new trial will be sustained, if supported by any one or more of the grounds set forth in the motion. First National Bank v. Wood, 124 Mo. 72; Hewitt v. Steele, 118 Mo. 463.

In Haven v. Railroad, 155 Mo. 216, Judge MARSHALL reviewed all the decisions of the Supreme Court bearing on the province of appellate courts on appeals from an order granting a new trial and, construing the Acts of 1891 and 1895 (now section 806, Revised Statutes 1899), arrived at the conclusion that the appellate courts are required to review these cases as on appeals from final judgments, viz., that the

court will not weigh conflicting evidence or interfere with the exercise of the judicial discretion of the trial judge in allowing the new trial, but will reverse only for error of law; or, in cases, when conceding every reasonable inference that may be drawn from the evidence of the party in whose favor the new trial was granted, yet he is not entitled to a verdict.

It is admitted that defendant bought the pants mentioned in the account and at the price therein charged.

On the part of the defendant the evidence is that at the time he bought the pants, it bought of the St. Louis Pants Manufacturing Company, two dozen other pants at $19.50 per dozen which the pants company agreed to ship to it at the same time or very shortly after shipping the pants mentioned in the account; that these other pants were never shipped by defendant and that their market value when purchased by defendant was from $33 to $36 per dozen. To this evidence the plaintiff offered no rebutting or countervailing evidence. Under instructions given by the court, the jury returned a verdict for plaintiff, for the whole amount sued for.

One of the grounds set out in the motion for new trial is that the verdict is against the evidence in the case; another is, that under the undisputed evidence the verdict should not have been in excess of $34.50; another is, that the court erred in refusing defendant's instructions. It will be observed that the account is made out in the name of the St. Louis Pants Manufacturing Co.; Roman's name is in no way connected with the account as filed, nor was there any supplemental statement filed with the account to show his connection with it, or to show that he was the assignee of the pants company. According to the rulings in Crescent Furniture & Lumber Co. v. Raddatz, 28 Mo. App. 210, and Smith v. Zimmerman, 29 Mo. App. 249, the account failed to state a cause of action. It would be more correct to say that it failed to show any legal

capacity in Roman to sue on the cause of action that was filed, in that there was no written allegation that he had been appointed assignee of the pants company and as such was entitled to the account. Defendant might have taken advantage of this defect on the trial, by objecting to the introduction of any testimony, or by motion to dismiss. Instead he filed his answer setting up a counterclaim without calling into question the legal capacity of Roman to sue and thereby waived the objection. Gregory v. McCormick, 120 Mo. loc. cit. 663 and cases cited. In this view of the legal effect of the answer and counterclaim, there was no error in the court's refusing to permit plaintiff to amend his statement after judgment. There was evidence to the effect that the defendant agreed to give up the goods to plaintiff and that plaintiff agreed to cancel the account and take back the goods, but after this agreement was made, defendant refused on demand to let plaintiff have the goods. On this phase of the evidence defendant asked the following instruction: "You are instructed that the fact that the defendant refused to deliver said goods or surrender the same to the said Stokes when he went after them, constitutes no reason why said defendant should not be allowed any damages suffered by it, if you find there were any, on account of the failure of the said pants manufacturing company to deliver said pants." Which the court refused to give. We think this was error.

For error in refusing this instruction and because the verdict shows that the jury wholly disregarded the evidence, clearly establishing defendant's counterclaim, the court correctly sustained the motion for a new trial. The judgment is affirmed. All concur.